## HENRY P. BARSTOW, administrator, *vs.* OLD COLONY RAILROAD COMPANY.

Bristol.   Oct. 29, 1886. — Feb. 23, 1887.   DEVENS, W. ALLEN, & HOLMES, JJ., absent.

If a person undertakes voluntarily to perform service for a corporation, and an agent of the corporation assents to his performing such service, he stands in the relation of a servant of the corporation while so engaged; and the rule, that a master is not liable to his servant for an injury occasioned by the negligence of a fellow servant in the course of their common employment, applies to such volunteer.

A person, who had obtained permission from the station agent of a railroad corporation to come to the station for the purpose of learning telegraphy, was warned by the agent not to walk on the railroad tracks. He left the station to go to a certain point, on an errand which he had volunteered to do for the station agent. He was more or less familiar with the premises, and, knowing that a train was approaching, walked upon the track with his back to the train, and with his head bent down. He did not look behind him to see whether the train was coming towards him, or was going, at a switch, upon another track; and there was nothing to obstruct his view of the train. He could have stepped from the tracks after the whistle on the engine had sounded, but he did not look to see if the train was coming on the track upon which he was walking, because he thought that it was coming on another track; and he was struck and killed. *Held*, that he was guilty of such negligence that no action could be maintained against the corporation for causing his death.

TORT, by the administrator of the estate of Frederick Barstow, to recover, for the benefit of the next of kin, for the death of said Barstow, which occurred on May 14, 1885.   Trial in the Superior Court, before *Thompson*, J., who, at the defendant's request, ruled that the action could not be maintained; directed a verdict for the defendant; and reported the case for the determination of this court.   If the ruling was wrong, the verdict was to be set aside; otherwise, judgment to be entered thereon.   The facts appear in the opinion.

*J. F. Jackson*, for the plaintiff.

*J. M. Morton & A. J. Jennings*, for the defendant.

GARDNER, J.   Six months before the injury was sustained by the plaintiff's intestate, he applied to the station agent of the defendant, at the Dean Street station in Taunton, for the purpose of "learning telegraphy."   The agent gave him permission to come to the station for that purpose, and from that time to the

date of the injury the deceased remained at the station more or less. On the day of the fatal injury, the station master received a message from Boston, asking how long before Tilton, the conductor of the coal train, would be ready to leave. While the agent was reading the message, and giving his attention to it, the deceased ran out of the office, and just as he was going out of the door he said, "I 'm going up there to see." The agent did not try to stop him. He testified that he did not have time to get to the door to stop him. While on this errand, the plaintiff's intestate, as he was walking on the railroad tracks, was struck by a train of cars of the defendant, and died in a few hours.

If, upon this evidence, the plaintiff's intestate was a trespasser upon the tracks of the defendant's railroad, the plaintiff cannot recover, unless there is proof of wilful negligence on the part of the defendant. *Johnson* v. *Boston & Maine Railroad*, 125 Mass. 75. *Burns* v. *Boston & Lowell Railroad*, 101 Mass. 50. *Morrissey* v. *Eastern Railroad*, 126 Mass. 377. If he was a "mere licensee," the duty owed him by the defendant was not to injure him wantonly or wilfully. He has no cause of action on account of dangers existing in the place he is only permitted to enter. *Holmes* v. *North Eastern Railway*, L. R. 4 Ex. 254. But if the deceased undertook voluntarily to perform service for the corporation, and the agent assented to his performing such service, then he stood in the relation of a servant while engaged in such service. The rule of law, that a master is not, in general, responsible to his servant for injury sustained by the negligence of a fellow servant in the course of their common employment, applies to such volunteer. *Degg* v. *Midland Railway*, 1 H. & N. 773. *Osborne* v. *Knox & Lincoln Railroad*, 68 Maine, 49. The deceased was not a passenger, and it is not contended by the plaintiff that the deceased was injured by the wanton or wilful acts of the defendant's servants. There was evidence from which a jury would be warranted in finding that the deceased was a volunteer; that the agent assented to his acting as such for the corporation; and that, at the time of his injury, he was voluntarily undertaking to perform service for the defendant.

The conduct of the plaintiff's intestate was such, at the time he received the injury, that we do not think it necessary to

consider questions relating to the negligence of the defendant's servants, or the responsibility of the defendant to the deceased, by the negligence of a fellow servant in the course of the common employment. He had been previously warned by the agent not to walk on the track. He was more or less familiar with the premises. He knew that a train was approaching. He was walking upon the tracks with his back to the approaching train. He did not look up to see whether the train was coming towards him, or going, at the switch, upon another track. There was nothing to obstruct his view of the train coming toward him. So far as the evidence disclosed his position, he was walking with his head bent down, and he did not turn to look behind him. He could have looked, and he could have stepped from the track after the whistle on the engine had sounded, and thus he could have avoided the collision. The train was running where it had a right to run. The deceased was not induced by any agent, servant, or officer of the corporation to think that the place where he was walking was safe and secure. He was apparently in the possession of all his faculties. He could see and hear. He heard the train approaching. He did not look to see if it was coming on the same track upon which he was walking, because he thought that it was coming on the other track.

In some of its features, this case is similar to that of *Butterfield* v. *Western Railroad*, 10 Allen, 532. The plaintiff in that case was upon the highway crossing the railroad. The deceased in the case at bar was upon the track of the defendant, where there was no highway or road, walking at his own risk upon the track. In both cases, the injured persons did not use their eyes to see if the train was coming towards them. The ruling of the court in that case, that " the plaintiff's neglect to use his eyes was palpable negligence, and he states no reasonable excuse for it," applies to the conduct of the plaintiff's intestate, in the case at bar, at the time he received his injury. There was not only no evidence of due care on his part, but there was ample evidence of his carelessness and negligence. *Ince* v. *East Boston Ferry Co.* 106 Mass. 149. *Hinckley* v. *Cape Cod Railroad*, 120 Mass. 257.

*Judgment on the verdict.*