ELIJAH MILLSAPS, ADMR., *v.* LOUISVILLE, NEW ORLEANS & TEXAS RY. CO.

1. MASTER AND SERVANT. *Railroads. Permissive service.*

One who by permission of the railroad company acts as fireman of its locomotive, is a servant of the company, though he acts without compensation, and merely to learn the business.

2. RAILROADS. *Fellow-servants. Fireman and train-dispatcher.*

The fireman of a locomotive and a train-dispatcher are fellow-servants of a railroad company, and the company is not liable for the death of the former caused by the negligence of the latter in the common employment.

FROM the circuit court of Franklin county.
HON. W. P. CASSEDY, Judge.

Action for the death of plaintiff's intestate. The declaration alleges that the deceased, Sidney Millsaps, while acting as fireman on one of defendant's locomotives, was killed in a collision occurring through the negligence of defendant's train-dispatcher, who was charged with the duty of directing the movement of trains. It further alleges that the intestate was at the time acting as fireman, with the permission of the defendant, for the purpose of learning the business, and thus fitting himself for efficient service as fireman. The defendant demurred, because it appeared that the negligence alleged was that of a fellow-servant. The demurrer was sustained, and the cause dismissed. Whereupon, plaintiff appeals.

*H. Cassedy*, for appellant.

1. Millsaps was not a servant of the company. There was no contract of service, either express or implied. He was on the engine by permission of the company, and the company owed him ordinary care and caution to prevent injury. *Holmes* v. *Ry. Co.*, L. R. (4 Exch.), 254; L. R. (6 Exch.), 123; *Wright* v. *R. R. Co.*, 1 Q. B. Div., 252; 1 Am. St. R., 487; 6 *Ib.*, 114; 8 *Ib.*, 611; 11 *Ib.*, 585.

2. If Millsaps was an employe of the company, he was not a fellow-servant with the train-dispatcher.

*Mayes & Harris*, for appellee.

1. The cases cited by appellant do not support his proposition. See *Degg* v. *Railway Co.*, 1 H. & N. (Exch.), 773; *Potter* v. *Faulkner*, 1 B. & S. (Q. B.), 800.

The declaration alleges that Millsaps was acting with the consent and knowledge of the company. He assumed the risks of the service, and among these was the negligence of his fellow-servants. He was receiving, in lieu of wages, what he deemed an equivalent. The company was liable for his acts. He was, therefore, its servant. 14 Am. & Eng. Enc. L., 751.

2. The fireman and the train-dispatcher were fellow-servants. *McMasters* v. *Railroad Co.*, 65 Miss., 264; *Lagrone* v. *Railroad Co.*, 7 *Ib.*, 592; 85 N. Y., 61; 78 Ind., 77; 77 Mo., 410.

COOPER, J., delivered the opinion of the court.

Under the facts stated in the declaration, the plaintiff's intestate was the servant of the defendant corporation. *Degg* v. *Midland Railway Co.*, 1 Hurt. & N. (Ex.), 773; *Barstow* v. *R. R. Co.*, 143 Mass., 535; *Osborne* v. *Knox & Lincoln*, 68 Maine, 49; McKinney on Fellow-servants, § 19.

The train-dispatcher was the fellow-servant of the intestate. *L., N. O. & T. Ry. Co.* v. *Petty*, 67 Miss., 255; *N. O., J. & G. N. R. R. Co.* v. *Hughes*, 49 *Ib.*, 258; *Lagrone* v. *M. & O. R. R. Co.*, 67 *Ib.*, 592.

*Judgment affirmed.*