CHARLES H. CLARK, Appellant, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Respondent.

*Damages for personal injuries — contributory negligence.*

Upon the trial of an action, brought to recover damages for personal injuries, it was shown that the plaintiff, an employee of the defendant, while giving necessary signals to the engineer of a train which was being loaded with crushed stone, stood, for from four to six minutes, on the main track of the defendant's steam railroad where he was run over by an engine and sustained the injuries complained of.

He testified upon the trial that he did not know that he stood upon the track; he did know that the tracks were there and that engines and trains were constantly passing that point. He was not directed to go there, and there was nothing to interfere with his observation in each direction.

*Held,* that the accident was the result of carelessness of the grossest kind, for which the plaintiff had no one to blame but himself.

APPEAL by the plaintiff, Charles H. Clark, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 20th day of July, 1893, upon the dismissal of the complaint directed by the court after a trial at the Orange Circuit before the court and a jury.

*John W. Lyon,* for the appellant.

*Lewis E. Carr,* for the respondent.

BROWN, P. J.:

The complaint in this action was properly dismissed upon the ground of the plaintiff's contributory negligence.

The plaintiff was a brakeman who had been employed by defendant three or four months prior to the accident.

On March 4, 1887, he was assigned to work at a stone crusher near Otisville. A train of cars was being loaded with crushed stone and stood upon a switch north of the two main tracks. The road at that point was through a rock cut and the crusher stood on the rocks immediately north of the switch. The stone was loaded on to the cars through a shute.

In order to make the load as nearly level as possible, it was necessary to move the cars about two feet at a time, and in order to do that plaintiff was stationed on the car to give the necessary signals to the engineer. After the first car was loaded, finding that the dust from the crusher interfered with his seeing the engineer, plaintiff got down from the car on to the main tracks. From there his line of vision was clear. He stood there four or six minutes, when he was run over by an engine going west, and received the injuries complained of. It appeared that plaintiff stood on the west-bound track, and he testified that he did not know that fact, but obviously his failure to know it was the result of the utmost indifference to his surroundings and his safety. He knew the tracks were there,

and that engines and trains were constantly passing that point, yet he failed totally to observe whether he stood on or between the tracks. No one had directed him to go there, and there was nothing to interfere with his observation in each direction.

Intent upon his work, he failed to observe the dangerous position that he occupied or the approach of an engine in full view. The accident was the result of carelessness of the grossest kind, for which plaintiff has no one to blame but himself.

The judgment is affirmed, with costs.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.