### HARDING P. LADD *vs.* BROCKTON STREET RAILWAY COMPANY.

Essex. November 7, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Negligence,* Assumption of risk by employee, Contributory.

One entering the employ of an electric street railway company, whose tracks at places run on one side of a road through a country town, where some of the trolley posts are so near the track that a person on the running board of an open car necessarily would strike them, assumes the risk of an injury thus caused.

For a street railway conductor, experienced on other roads and sent out on a certain portion of the defendant's road to learn the conditions attending its operation, to step upon the running board of an open car on the side next and near to the trolley posts, without looking to see whether there is any obstruction in the way or whether it is safe to do so, is want of due care on his part.

MORTON, J. This is an action of tort for personal injuries sustained by the plaintiff while engaged in learning the duties of a conductor upon the defendant's road in anticipation of being so employed by it. The declaration is in three counts: the first for negligently placing and maintaining a post in its

roadbed so near the rail, that the plaintiff while walking on the running board of a car in the discharge of his duty came in contact with it and received the injuries complained of; the second under St. 1887, c. 270, for a defect in the ways and works which arose from or had not been discovered in consequence of the negligence of the defendant or of some one in its employ intrusted with the duty of seeing that the ways and works were in proper condition, the defect consisting of the post aforesaid; and the third for setting the plaintiff to work in a dangerous place. At the close of the plaintiff's evidence the judge directed a verdict for the defendant, and the plaintiff excepted.

We think that the ruling was right. The accident occurred about the middle of the forenoon on August 30, 1899. The day was bright. The plaintiff began learning the duties of a conductor in the defendant's employ two days before the accident. He had not worked on this part of the defendant's road before that morning. But on that morning he had made two or more trips by the place where the accident happened. He had acted as conductor on other roads in this State and in New York, and testified that he was familiar with the duties of conductor and considered himself an experienced man. At the place of the accident the track ran along the side of the road for about a thousand feet and then ran in the centre of the road. The post which the plaintiff struck was a trolley post and was one of several along the side of the track at that place, and all about the same distance from the track, and they and the track had been in the same positions for eight or nine years. There was no evidence that the construction was unusual or that the posts were unusually near to the track. The plaintiff testified, that he knew that it was common in country towns to have tracks run on one side of the road, and that he knew that in such cases there were posts for the trolley wire. He also testified that he did not observe whether the car was on the side of the road or in the centre, and paid no attention to that fact or to the posts, or poles, or tracks. And there was nothing to show that as he stepped down on to the running board he looked to see if there were any obstructions or exercised any precautions. It also appeared that the running board on the opposite side of the car

would have been entirely safe, and that there was nothing requiring him to use the running board on one side of the car rather than the other.

We think it plain that the risk was an obvious one which the plaintiff must be held to have assumed, and that he was not in the exercise of due care. The situation of the posts and track was manifest, and, so far as appears, was not unusual. There was nothing in the nature of a trap. The plaintiff was familiar with the duties of a conductor. The defendant owed him no duty of warning or instruction in regard to dangers that were obvious, and it owed him no duty to change the arrangement of the track and the posts. Upon entering the employment of the defendant the plaintiff must be held to have contracted with reference to those as they were. *Lemoine* v. *Aldrich,* 177 Mass. 89.

It also seems to us, in view of the fact that the plaintiff had been sent out upon that portion of the defendant's road where he was when injured to learn the conditions attending its operation there, that to step down on to the running board as he did without looking to see whether there was any obstruction in the way or whether it was safe to do so was negligence on his part.

*Exceptions overruled.*

*P. Kiely,* for the plaintiff.

*H. F. Hurlburt,* (*D. E. Hall* with him,) for the defendant.