[L. A. No. 1143. Department Two.—July 17, 1903.]

## GEORGE B. MOCK, Appellant, v. LOS ANGELES TRACTION COMPANY, Respondent.

ACTION FOR DEATH—COLLISION WITH ELECTRIC CAR—ORDER GRANTING NEW TRIAL—CONFLICTING TESTIMONY.—In an action for damages for the death of a child run over by an electric street-car, where the evidence was substantially conflicting, both as to the negligence of the employee of the street-car company and as to the contributory negligence of the child, and one of the grounds of the motion for a new trial after verdict for the plaintiff was insufficiency of the evidence to justify the verdict, it was for the trial judge to determine where the preponderance of evidence lay, and a general order granting a new trial will be sustained on that ground, without reference to other grounds assigned.

ID.—DUTY OF STREET-CAR COMPANY—SAFETY OF BRAKES.—Though a street-car company is not bound to supply the safest or most effective brakes that can be obtained, or to use the utmost care in keeping the brakes on its cars in repair, it is bound to use the ordinary care usually exercised in the operation of electric street-car lines in the selection of its brakes and in keeping them in repair, and to use the best appliances and best brakes in common use, and to exercise great care in keeping the appliances for stopping cars in good condition.

APPEAL from an order of the superior court of Los Angeles County granting a new trial. Waldo M. York, Judge.

The facts are stated in the opinion.

John M. Miller, Herbert Cutler Brown, Frank G. Bryant, and Miller & Brown, for Appellant.

E. H. Lamme, E. E. Milliken, and R. H. F. Variel, for Respondent.

GRAY, C.—Action to recover damages for the death of plaintiff's son, seven years of age, caused by his being run over by one of the defendant's electric street-cars in the city of Los Angeles.

Plaintiff obtained a verdict and judgment, and now appeals from an order granting the defendant's motion for a new trial.

One of the grounds of the motion was insufficiency of the evidence to justify the verdict. The order granting the motion was general, as shown by the transcript, and did not specify upon what ground it was based.

The testimony was substantially conflicting, both as to the negligence of the employees of the company and as to the contributory negligence of the child. In this condition of the record, it was for the trial judge to say where the preponderance of evidence lay. The rule is well settled that the order granting a new trial, being general in its terms, will not be disturbed "if it could have been properly granted upon any of the grounds assigned." (*Tibbetts. Bros. & Sons* v. *Power,* 121 Cal. 7.) In support of the order appealed from, respondent further contends the court erred in the giving of instructions. As the order must be upheld on the ground already suggested, it is perhaps not essential that this latter contention should be considered. It may be well, however, as a new trial is to be had, here to say that, as to the first instruction, the objection to it can be easily obviated on a new trial by adding to it such words as will imply the condition of the motorman having seen the boy "in a position of danger" in time to avoid injuring him.

The second instruction objected to reads as follows: "You are instructed that defendant was under no obligation to supply the safest or most effective brakes that could be obtained, or to use the utmost care in keeping the brakes on its cars in repair, but was bound to use only ordinary care in the selection of its brakes and in maintaining and keeping the same in repair; but ordinary care in such a case requires the care usually exercised in the operation of electric street-car lines; and it is the duty of a party in operating an electric car to

use the best appliances in common use and the best brakes in common use, and to exercise great care in keeping its appliances for stopping cars in good condition."

We think the law should be, and is, as stated in this instruction. Of course, a street-car cannot be operated upon the public streets of a great city with any degree of safety to pedestrians and others, except by "keeping its appliances for stopping cars in good condition." Therefore, ordinary prudence requires that "great care" should be exercised in this direction.

Upon the ground first stated we advise that the order appealed from be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.