ELECTRIC RAILWAY COMPANY *v.* MOORE.

(*Knoxville.*   September Term, 1904.)

NEGLIGENCE. Street railroad company not liable for injury
   caused by telephone poles in public highway.

The law imposes no duty upon a street railroad company to
   abate a nuisance on land not belonging to it, and over which
   it has no control, and, therefore, it is not chargeable with neg-
   ligence in permitting or not objecting to, the erection of a tele-
   phone pole in a public highway so near its track as to be dan-
   gerous to its employees operating its cars.

Cases cited and approved:  Lucas v. St. Louis R. R. Co. (Mo.),
   73 S. W., 589, 61 L. R. A., 452.

FROM HAMILTON.

Appeal in error in the Circuit Court of Hamilton
County.—M. M. ALLISON, Judge.

BROWN and SPURLOCK, for Electric Railway Com-
pany.

J. T. MATTHEWS and JOHN H. EARLY, for Moore.

MR. JUSTICE WILKES delivered the opinion of the Court.

This was an action for damages against the Chattanooga Electric Railway Company and the East Tennessee Telephone Company. There was a trial before a jury in the court below, and a verdict and judgment for $200 against the electric railway company. The suit as to the telephone company was dismissed before trial. The electric company has appealed, and assigned errors.

The plaintiff was a conductor on the electric company's cars, and was at the time of the injury leaning out of the rear of his car on one side, to see whether his trolley wheel was properly adjusted upon the speed wire, his car at the time being in motion, when his head came in contact with a telephone pole placed about thirty-four inches from the rail of the car line and fourteen inches beyond the side of the coach as it passed along the track. The theory upon which the recovery was had was that the electric company was negligent in allowing the poles of the telephone company to be placed so near its rails as to be dangerous to its employees in operating its cars. The conductor knew of the presence and proximity of these poles, and had seen them often, but evidently did not have them in mind when he was struck. The proof tends to show that he might have adjusted his trolley wheel from the rear center of the car platform, and without leaning out beyond its side, and would have been perfectly safe in so doing. His back was toward the pole when struck.

It is assigned as error that the court, in substance charged that, if the electric company permitted the telephone company to erect its poles so near to the track as to be dangerous to employees in operating the cars, or permitted them to so remain, and this was the proximate cause of the injury, the electric company would be liable.

The exact charge complained of is as follows:

"If this pole was erected by the telephone company, which is not a defendant in this suit, and if it was placed at a dangerous proximity to the railroad, and if the defendant company negligently permitted this telephone company, without objection on its part, to erect this pole so dangerously close to its track that it was dangerous to employees operating cars in that situation, and if the defendant railway company negligently permitted this post to remain in this dangerous condition, if you should find that it was in a dangerous condition (that is, dangerously close to the track; so close to the track that it was dangerous to employees on the cars in the discharge of their duties; that there was danger from this post to the employees), and if the plaintiff's injury was a direct and proximate result of the negligence of the defendant in permitting this pole, without objection, to be placed dangerously near the track, and it remained there for some two years or more, then this defendant company would be liable."

We think this charge would be substantially correct if the telephone poles had been placed upon the premises

or right of way of the electric company, but not if they were situated upon the highway, or on other premises of which the electric company had no control. It does not appear that the electric company had any right of way at the place of injury except that covered by its cars and tracks. It simply had a franchise to construct and operate its line along the street or highway.

These poles being on land not belonging to the electric company, but on the public highway or street, over which the electric company had no authority, there was no obligation on the part of the electric company to abate them as a nuisance; nor did it have any power over them, or anything to do with them, more than any other citizen. The case of *Lucas* v. *St. Louis R. R. Co* (Mo.), 73 S. W., 589, 61 L. R. A., 452, is directly in point, and lays down the correct rule as follows:

Plaintiff sued the railroad company for its negligence in maintaining a stump on the sidewalk so close to its track that when she stumbled over the same and fell one of its cars came in contact with her, and inflicted upon her serious injuries. The lower court, in its charge, authorized the jury to find judgment against the defendant, but on appeal to the supreme court the cause was reversed upon the ground that the evidence showed that the stump was the remnant of a pole which had been planted in the street by the electric light company, and was not on the property of the defendant street railway company. Among other things, the court said:

"If any owner raises up, or permits any one else to do

so, or keeps up or fails to remove, a nuisance on his own premises, by which any one suffers injury, he is liable, because he violates his duty as a citizen. If any one creates a nuisance upon a public highway, he is primarily liable to any one who is injured thereby, because he has violated his duty as a member of society, and has been guilty of a wrongful act for which he is primarily liable. But no citizen is under-any personal legal obligation to remove a nuisance from a public highway, notwithstanding he may know it is calculated to do injury to a traveler on the highway, if it is allowed to remain there. To make any man liable for tort, he must have done or omitted to do a duty imposed upon him by law. In the absence of such a duty, there is no liability. The law imposes no duty upon the defendant to remove a nuisance in a public highway which it did not put there, and has nothing more to do with than any other citizen."

The question of contributory negligence on the part of the conductor is not raised by the assignment of errors, and we express no opinion on that feature of the case.

We are of opinion, however, that it was reversible error to charge, in substance, that the electric railroad company would be liable for the erection and maintenance of these poles in the highway or street contiguous to the line of the road unless it appeared they were on premises which the electric company owned or controlled, and for this error the judgment of the court below is reversed, and the cause is remanded for a new trial, and appellee will pay costs of appeal.