[L. A. No. 1413.   Department One.—January 13, 1906.]

LAWRENCE WEISSER, Appellant, v. SOUTHERN PACIFIC RAILWAY COMPANY, Respondent.

ORDER GRANTING NEW TRIAL—LETTER OF JUDGE—RECORD UPON APPEAL. A letter written by the judge granting a new trial to appellant's counsel some months after the order, stating the grounds on which he granted the new trial, is not, and could not be made, a part of the record upon appeal; and even if written and filed when the order was made, it could not limit the effect of the general order entered upon the minutes granting the new trial.

ID.—LIMITATION OF ORDER—REVIEW UPON APPEAL.—Any limitation of an order granting a new trial to be effectual must be specified in

the order; but even if so effectually specified by the statement of grounds, its action would not restrict this court in examining the record to consider whether it should be granted on other grounds, except upon the single question as to the sufficiency of the evidence where it is conflicting.

ID.—ACTION FOR NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—CONFLICTING EVIDENCE—NEW TRIAL—DISCRETION.—Where the action was for damages for personal injuries alleged to have been suffered by plaintiff through the negligence of the defendant while plaintiff was engaged in its service, and it is conceded that one of the grounds upon which a new trial was granted to defendant was that the evidence was insufficient to sustain the conclusion that plaintiff was not guilty of contributory negligence, and the evidence was conflicting on that question, it was the duty of the trial court to grant the new trial on that ground if convinced that the verdict was clearly against the weight of the evidence; and his action in so doing will not be disturbed upon appeal where no abuse of discretion appears.

ID.—"STUDENT BRAKEMAN"—NEGLIGENCE OF FELLOW-SERVANT—ERROR IN INSTRUCTION.—The fact that the plaintiff when injured was acting as a "student brakeman," for the purpose of gaining experience and knowledge of defendant's road, and was not then paid any money for his services, cannot alter the obligations voluntarily assumed by him as a servant of the defendant subject to its orders; and he cannot recover for any injuries which were caused solely by the negligence of fellow-servants employed in the same general business. Where the court erred in an instruction upon this subject, a new trial was properly granted on that ground.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

S. V. Landt, and M. E. C. Munday, for Appellant.

Bicknell, Gibson & Trask, for Respondent.

ANGELLOTTI, J.—This is an action for damages for personal injuries alleged to have been suffered by plaintiff through the negligence of defendant while he was engaged in the service of said defendant. The jury impaneled to try the cause rendered a verdict in favor of plaintiff for nine thousand dollars, and judgment was entered accordingly. Defendant regularly made a motion for new trial on practically all the grounds authorized by statute, including that of insufficiency of the evidence to justify the verdict, and

in its statement on motion for new trial specified with great particularity the particulars wherein it was claimed that the evidence was insufficient. The trial court disposed of such motion by making a general order granting the same, the minute order being as follows, viz.: "Defendant's motion for new trial ordered to be and the same is hereby granted." Plaintiff appeals from such order granting defendant's motion for new trial.

It is suggested by plaintiff that the order of the trial court was based upon two grounds only,—viz., error in admitting certain evidence, and insufficiency of the evidence to sustain a conclusion that the plaintiff was not guilty of contributory negligence,—and that this court is limited to a consideration of these questions upon this appeal. In support of this claim that the order was made for these reasons alone, he sets forth in his brief a copy of a letter written to his counsel by the judge of the trial court some months after the granting of the new trial. This letter, of course, constitutes no part of the record on appeal, and could not be made a part thereof. (*Hanna* v. *De Garmo*, 140 Cal. 172, 174, [73 Pac. 830].) Even if the same had been written and filed at the time of the granting of the new trial, it could not have operated to limit the effect of the general order entered on the minutes of the court, which order so entered is under the decisions the only record of the court's action. Any limitation, to be effectual, must be specified in the order. (*Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 619, 621, [75 Pac. 332]; *Newman* v. *Overland Pacific Ry. Co.,* 132 Cal. 73, [64 Pac. 110].) Furthermore, even if the trial court in this case had effectually specified in its order the grounds upon which it granted the new trial, its action in this regard could not have restricted this court to the grounds so specified in its examination of the record for the purposes of ascertaining whether or not a new trial should have been granted, except upon the single question as to the sufficiency of the evidence where it was conflicting. (*Thompson* v. *California etc. Co., ante,* p. 35, [82 Pac. 367]; *Kauffman* v. *Maier,* 94 Cal. 269, 276, [29 Pac. 481].) As it is admitted that one of the grounds upon which the trial court based its action in granting a new trial was that the evidence was insufficient to sustain a conclusion that plaintiff was not guilty of contributory negligence, what has

been said herein as to the questions reviewable upon this appeal is unnecessary for the purposes of the decision, and has only been said in view of the apparent misconception of the rules applicable in such matters.

Upon the question as to whether plaintiff was guilty of contributory negligence, there was apparently some conflict in the testimony. This, however, was not sufficient to prevent the trial court from granting a new trial on the ground of the insufficiency of the evidence. It is established by numerous decisions in this court that although there may be some conflict in the testimony it is the duty of the trial court to grant a new trial on such ground whenever the judge is convinced that the verdict is clearly against the weight of the evidence, and his action in that regard will not be disturbed unless it is apparent that there has been an abuse of the discretion confided to him. (See *Green* v. *Soule,* 145 Cal. 96, 102, [78 Pac. 337]; *Bates* v. *Howard,* 105 Cal. 173, 178, [38 Pac. 715]; *Mock* v. *Los Angeles Trac. Co.,* 139 Cal. 616, [73 Pac. 455]; *Bjorman* v. *Fort Bragg R. Co.,* 92 Cal. 500, [28 Pac. 591].) The record on this appeal affords no basis for any claim that there was any such abuse of discretion in this case. It is therefore manifest that regardless of other reasons that may exist the order granting a new trial must be affirmed. While it is unnecessary for the purposes of a decision of this appeal to consider any of the other points made in support of the order, the question as to whether plaintiff was a "fellow-servant" of the employees of defendant on the train upon which he was engaged and by which he was injured, and therefore not entitled to recover from defendant if the injuries were wholly caused by the negligence of any such employee in the operation of the train (Civ. Code, sec. 1970), has been discussed by counsel, and its determination may be necessary for the purposes of a new trial.

From the evidence of plaintiff it appears that at the time of the accident, and for some time prior thereto, he was acting as a "student brakeman" on freight-trains of defendant, at his own request and by permission of defendant, for the purpose of gaining such experience and knowledge of the work on defendant's road as would, in the opinion of the defendant, render him fit and competent to act as a regular brakeman thereon and to receive for his work a regu-

lar brakeman's pay. As such "student brakeman" he was entirely subject to the orders of defendant, and was required to perform such ordinary duties of brakeman as were allotted to him, just as fully as if he had been assigned regular employment for a pecuniary compensation by defendant. It is difficult to conceive of any reason why one situated as these circumstances show plaintiff to have been should be held to be other than an employee of the defendant, subject to all the obligations imposed by that relation. He was certainly in the service of defendant, regularly engaged in the doing of the defendant's business. The simple fact that he was not to be paid any money for his services cannot affect the question. It was perfectly competent for him to agree to serve an apprenticeship without pecuniary consideration. The important thing is that he voluntarily entered and was engaged in the service of the defendant upon such terms as he had seen fit to agree to. While so engaged in such service there was no distinction material to the question under discussion between his situation and that of the other employees on the train. They were all regularly engaged in the service of defendant, in the common employment of operating a train for defendant; in other words, they were fellow-servants. Plaintiff had the same right as the other employees to be indemnified for all the injuries caused by the defendant's negligence, but his rights in this regard were no greater than those of the other employees, and, as in the case of such other employees, the defendant could not be held liable to him for injuries caused solely by the negligence of his fellow-employees in the same general business, except in the cases specified in section 1970 of the Civil Code. No case has been cited by plaintiff on this point which is contrary to the views here expressed. On the other hand, the case of *Millsaps* v. *Louisville etc. Ry. Co.,* 69 Miss. 423, [13 South. 696], is squarely in point. There one working as fireman on defendant's engine, with the permission of the defendant, for the purposes of learning the business, was killed in a collision caused by the negligence of a paid employee claimed to be a fellow-servant. The supreme court held under these facts that plaintiff's intestate was the servant of the defendant and the fellow-servant of the other employee, and that consequently no recovery could be had. The case of *Barstow* v.

*Old Colony R. R. Co.*, 143 Mass. 535, [10 N. E. 255], is also in point. (See, also, *Ladd* v. *Brockton St. Ry. Co.*, 180 Mass. 454, [62 N. E. 730]; *Wischam* v. *Richards*, 136 Pa. St. 109, [20 Atl. 532, 20 Am. St. Rep. 900].)

Under our views of the law upon this proposition, the trial court erred in the matter of instructions to the jury thereon, and this also is sufficient reason for affirming the order granting a new trial. We do not consider it necessary for the purposes of a new trial to consider any of the other questions discussed.

The order granting a new trial is affirmed.

Shaw, J., and McFarland, J., concurred.