J. N. MOORE *v.* CHATTANOOGA ELECTRIC RAILWAY COMPANY *et al.*

(*Knoxville.* September Term, 1907.)

1. **MASTER AND SERVANT.** Street railway is not liable for injuries to its employee received from a telephone pole used by it, when.

A street railway company is not liable to its conductor for injuries received by his head coming in contact with a pole while he was leaning from the platform of the car to watch the trolley, where the pole was not upon its right of way, and was not erected by it, but by a telephone company, which deprived the street railway company of all control over it or power to remove it, although the street railway company used the pole jointly with the telephone company. (*Post, pp.* 714-717.)

Case cited and approved: Railroad v. Moore, 113 Tenn., 531.

2. **SAME.** Employee's contributory negligence deprives him of right to recover, when he knew of the danger.

Where a telephone pole against which a street railway conductor's head was struck while leaning from the platform of the car to watch the trolley was such an obstruction and in such position that it would necessarily come under his observation, and that he must have known, or by the exercise of ordinary care could have known, of its existence and location, his own negligence was the proximate cause of his injury, which deprives him of the right to recover for the damages. (*Post, pp.* 716, 717, 718.)

Case cited and approved: Ferguson v. Cotton Mills, 106 Tenn., 239.

3. **SAME.** Assumption of risk by employee bars recovery for injuries, when.

A street car conductor continuing in the service of a street railway company, with knowledge or inexcusable ignorance of an

Moore v. Railroad.

obstruction and the necessary danger attending it, assumes the risk of such danger, and is barred of any recovery for an injury received from such obstruction. (*Post, pp.* 718, 719.)

Cases cited and approved:  Jennings v. Railroad, 7 Wash., 275; Drake v. Railroad, 173 N. Y., 466;  Ladd v. Railroad, 180 Mass., 454.

4.  **TORTS. Joint or separate actions against all tort feasors, with recovery for full damages.**

The plaintiff in an action of tort may sue all the tort feasors jointly, or he may maintain separate actions against each of them; and, whether the action be joint or separate, he is entitled to recover full damages against all the parties guilty of the tort. (*Post, p.* 721.)

Cases cited and approved:    Railroad v. Jones, 100 Tenn., 515; Swain v. Copper Co., 111 Tenn., 433.

5.  **SAME. Same. Judgment in tort in favor of defendant is conclusive of another action against him though other parties may be sued jointly with him.**

While the plaintiff in an action of tort may sue separately or jointly, but if he sues separately, he cannot, after judgment upon the merits, maintain a new action against the one sued separately by merely joining others therein, as a judgment upon the merits in favor of a telephone company in an action against it for injury to a street railway conductor whose head was struck against a telephone pole, while leaning from the platform of the car to watch the trolley, is conclusive of and a bar to a subsequent joint action against it and the street railway company so far as the telephone company is concerned. (*Post, pp.* 719-723.)

Case cited and approved:    Sessions v. Johnson, 95 U. S., 347.

6.  **RES ADJUDICATA. Record as evidence as to identity of parties; further evidence is required, when.**

The burden of establishing the plea of former adjudication rests

upon the party relying thereon; but where such party has produced and placed in evidence the record relied upon in the plea, he has made out a *prima facie* case, if it shall appear from an inspection of that record with reasonable certainty that the parties to that case and the cause of action then sued upon are the same as those in the pending suit. It is only where these facts do not appear that further evidence is required to sustain the plea. (*Post, pp.* 723, 724.)

Cases cited and approved: Ridley v. Buchanan, 2 Swan, 559; Williams v. Hollingsworth, 5 Lea, 360; Packet Co. v. Sickles, 5 Wall., 592.

7. **SAME.** Same. Case in judgment.

A record introduced in evidence, in an action by a street railway conductor against the street railway company and a telephone company for personal injuries, for the purpose of establishing the plea of former adjudication interposed by the telephone company, is sufficient to make out a *prima facie* case of identity of parties and cause of action, where such record discloses that in that case a person of the same name as plaintiff in the pending suit was plaintiff in the former suit, and that a telephone company of the same name as defendant telephone company in the pending suit was defendant in the former suit, and contains averments substantially the same as those in the declaration filed in the pending suit, though the declaration in the pending suit contains averments of negligence not found in the former suit. (*Post, pp.* 719-724.)

8. **JURISDICTION.** Of United States circuit court of appeals to enter final judgment where jurisdiction is dependent on diversity of citizenship.

The United States circuit court of appeals has jurisdiction to enter a final judgment where jurisdiction is dependent on diversity of citizenship, and the judge of the lower court, upon remandment, cannot open the case, and has no judicial function to exercise in the matter, and can only execute the judgment

Moore v. Railroad.

of said circuit court of appeals, which is merely a ministerial act. (*Post, pp.* 724-726.)

Acts of congress cited and construed:  Acts 1891, ch. 517, secs. 6 and 10.

Cases cited and approved:  Iron Co. v. Meeker, 109 U. S., 181; Mower v. Fletcher, 114 U. S., 128; Railroad v. Tourville, 179 U. S., 326.

9.  RES ADJUDICATA.  Opinion in former case examined to see the point of decision and whether on the merits.

Where a plea of former adjudication is interposed, the written opinion of the court in the former case may be examined to ascertain the point on which it was decided, and to determine whether the decision was upon the merits.  (*Post, pp.* 726, 727.)

Cases cited and approved:  Fowlkes v. State, 14 Lea, 14; State v. Bank, 96 Tenn., 595.

10.  SAME.  Judgment dismissing suit upon demurrer is upon the merits, when.

Where it appears that the former suit was dismissed, not for any defect in the pleadings, or other question not going to the right of the plaintiff to maintain his action, but because, upon his own statement of the facts, he had no cause of action against the defendant, the judgment, although upon demurrer, was upon the merits, and is sufficient to support a plea of former adjudication.  (*Post, pp.* 726-728.)

Cases cited and approved: Peeler v. Norris, 4 Yerg., 331; Welsh v. Harmon, 8 Yerg., 103; Murdock v. Gaskill, 8 Bax., 22; Hodsden v. Caldwell, 1 Lea, 50; Thompson v. Blanchard, 2 Lea, 528; Grotenkemper v. Carver, 4 Lea, 375; Parkes v. Clift, 9 Lea, 524.

11.  SAME.  Transcript of record from court rendering final judgment, though remanded for execution thereof, is from the proper court, when.

A transcript of the record from the United States circuit court

Moore v. Railroad.

of appeals filed as evidence to establish a plea of former adjudication is a full and complete record of the case, and comes from the proper court, where the cause was finally heard and determined upon the merits in that court, and final judgment was entered, though the cause was remanded to the United States circuit court for execution of the judgment, since the order of the circuit court upon the remandment, in entering the final judgment of the circuit court of appeals and carrying it into effect, would throw no light on the matters adjudicated. (*Post, pp.* 720, 728.)

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton County.—M. M. ALLISON, Judge.

BURKETT, MILLER, MANSFIELD & SWAFFORD, for plaintiff.

BROWN & SPURLOCK and WATKINS & THOMPSON, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

The plaintiff, J. N. Moore, sues the defendants, the Chattanooga Electric Street Railway Company, a corporation owning and operating a street railway upon the streets of Chattanooga, and the East Tennessee Telephone Company, a corporation owning and operating telephone lines upon the streets of that city, for injuries sustained by him while acting as conductor, in

the employ of the Chattanooga Electric Railway Company, by coming in contact with a pole erected by the East Tennessee Telephone Company in the street near to, but not upon, the right of way of the street railway company. The plaintiff avers in his declaration the erection and maintenance of the telephone pole by the telephone company upon the street, and that it was also used by the street railway company in the conduct of its business; that, while he had been in the service of the company as conductor for some time, he had only recently been placed on duty where he was injured; that the pole in question was near a crossing of a commercial railway, where his duties required him to alight from the car and conduct it across that railway; that having discharged this duty, and while on the rear platform of his car he had cause to believe that the wheel of the trolley pole had or was about to leave the trolley wire, and that he leaned out from the platform, on the side on which said pole was erected, to observe the trolley pole, in order that he might, in the discharge of his duty, take the necessary steps to place it in order, and that while in this position his head came in contact with the pole, injuring him severely; and that because of the short time he had been on this line he had not had time to measure the distance of the pole from the car, and did not appreciate the danger arising from its proximity to the cars of the street railway company. These are substantially the averments of the declaration.

The street railway company demurred, setting forth

four grounds of demurrer. The first three are substantially the same—that is, that it appears upon the face of the declaration that the telephone pole was not upon the right of way of the defendant, but upon a street of the city; that it was not erected or maintained by the defendant, but by another, for whose acts it was not responsible; and that this defendant owed the plaintiff and the public no duty to remove it. The fourth ground of demurrer is that it appears from the averments of the declaration that the plaintiff sustained his injuries in consequence of his own negligence. The trial judge sustained the first three grounds of demurrer, but overruled the fourth. All of them are now before this court by proper assignments of error.

The defense made by the telephone company is entirely different, and we will dispose of that of the street railway company before stating it.

We think all the grounds of demurrer of the railway company should have been sustained.

The declaration contains no averment that the pole was erected by the street railway company, or that it stood upon its right of way. On the contrary, it appears that it was erected by the telephone company in the street and outside of the right of way. The railway company was, therefore, not responsible for its erection and maintenance, and owed no one the duty to remove it. The averment that after its erection it was used by this company jointly with the telephone company does not make it liable. It was the pole of

the telephone company, in its possession and under its control, and the railway company had no power or authority to remove it, and was under no obligation to do so. It is true that if one erects a nuisance in a public street, and another adopts and maintains it, both are liable; but the mere use of it by the second party, without power or authority to abate it, and when he is prevented from so doing by the party erecting it and continuing to use it in his own business, will not make such second party liable to others who sustain injuries from the nuisance. One cannot be held responsible for a nuisance erected and maintained by another, which he does not control and cannot abate.

This is the second suit against this company by the plaintiff upon this same supposed cause of action. The first was before this court, and it was then held, upon the facts disclosed in that record, that the defendant was not liable for the erection and maintenance of this pole, and the judgment which plaintiff had recovered was reversed, and the cause remanded to the lower court, where it was dismissed by the plaintiff. While there are some differences in the averments of the declarations, they are not material. The former case, under the style of *"Chattanooga Electric Railway Co. v. Moore,"* is reported in 113 Tenn., 531, 82 S. W., 478.

We are also of the opinion that the plaintiff's own negligence was the proximate cause of the injuries sustained by him. It appears from the averments of the

declaration that the pole was such an obstruction and in such position that it would necessarily come under the plaintiff's observation, and that he must have known, or by the exercise of ordinary care could have known, of its existence and location. The danger of coming in contact with it while leaning from the car was obvious and apparent. The averment that he did not know and appreciate the dangers arising from the nearness of the pole to the cars can avail nothing. It was apparent to any one of ordinary comprehension, certainly to one who assumed to be capable of discharging the duties of the position of conductor. There is no averment that he had not seen the pole, or did not know it was there; and it is fairly presumable from the averments of the declaration that he had such knowledge, certainly that he had ample opportunity to acquire it. In cases of this character knowledge is imputed to the employee. The law is well settled that if the danger is obvious, and the employee or servant has sufficient discretion and opportunity to see and avoid it, the employer or master cannot be held for any injury sustained. Wood's Law of Master and Servant, sec. 349; *Ferguson* v. *Phoenix Cotton Mills,* 106 Tenn., 239, 61 S. W., 53.

Continuing in the service of the defendant, with knowledge or inexcusable ignorance of this obstruction and the necessary danger attending it, was also an assumption of the risk of such danger which would bar the recovery in this case, if this defendant was chargeable with wrongful conduct in the erection and maintenance

of the pole. This has been so held in a number of cases in which the facts were very similar to those of the one at bar. *Jennings* v. *Tacoma Railroad Co.*, 7 Wash., 275, 34 Pac., 937; *Drake* v. *Auburn City Railway Co.*, 173 N. Y., 466, 66 N. E., 121; *Ladd* v. *Bracton Street Ry. Co.*, 180 Mass., 454, 62 N. E., 730.

The defense made by the East Tennessee Telephone Company was former judgment in a suit upon the same cause of action in its favor. The plaintiff to this plea replied, *"Nul tiel* record." The issue was tried by the court, found in favor of the defendant, and the suit dismissed. The plaintiff also prosecutes an appeal in the nature of a writ of error from this judgment.

The plea of former judgment of the defendant averred, in substance, that previous to the bringing of this action the plaintiff brought another suit against this defendant for the same cause of action in the circuit court of Hamilton county; that upon proper petition, on account of diverse citizenship, the case was removed to the circuit court of the United States for the southern division of the eastern district of Tennessee, where it was tried upon its merits and dismissed, and that upon proper proceedings in error taken by the plaintiff to the circuit court of appeals of the United States for the sixth circuit of the United States, sitting at Cincinnati, Ohio, it was there finally heard and determined upon its merits, and final judgment entered against the plaintiff, affirming the judgment of the circuit court dismissing the suit. The plea is formal, full, and contains all the necessary allegations of such a

pleading.

Upon the trial of the case, when the defendant offered in evidence, in support of this plea, a transcript of the record in the case referred to from the circuit court of appeals of the United States, the plaintiff objected to the introduction and consideration of it as evidence, upon grounds as follows:

(1) Because same was not the best evidence; that the primary or best evidence, according to defendant's own showing, was a transcript from the United States court of Chattanooga, Tennessee.

(2) Because the transcript offered, according to its own showing, was not a full, final, and complete record of the proceedings in the United States circuit court of appeals.

(3) Because the transcript aforesaid is in a suit between one J. N. Moore and the East Tennessee Telephone Company, only, whereas the present suit is between the plaintiff and two defendants.

(4) Because the cause of action contained in the present suit is not the same cause of action contained in the former suit.

(5) Because there is no proof that either the party plaintiff or parties defendant are the same.

These objections were overruled, and the record ad-. mitted. This was all the evidence. The assignment of errors challenges the action of the trial judge in overruling the objections of the plaintiff to the evidence and his finding upon the issues joined.

We find no error in the judgment of the trial court.

Moore v. Railroad.

1. The point made that the parties to the two suits are not the same, because the Chattanooga Electric Railway Company also is a defendant in this case, is not sound.

The general rule, that in order to sustain a plea of this character it must appear that the parties are the same and that they sue and are sued in the same capacity, does not apply to this case. The plaintiff in an action of tort may sue all the tort feasors jointly, or he may maintain separate actions against each of them, and, whether the action be joint or separate, he is entitled to recover full damages against all of the parties guilty of the tort. *Swain* v. *Tennessee Copper Company*, 111 Tenn., 433, 78 S. W., 93. It is said in *Railroad* v. *Jones*, 100 Tenn., 515, 45 S. W., 682:

"The general rule established by an unbroken line of authorities is that when a plaintiff sues the joint tort feasors, or any number less than all, for an injury, he is entitled to a verdict for full compensation against all of the defendants when he succeeds in convicting them of the wrong, without regard to the degree of guilt of each defendant. So far as he is concerned, each joint tort feasor is bound to compensate him for the full injury sustained, whatever may be the grade of the offense as between themselves."

While the plaintiff in such cases has the right to bring joint or separate actions, he is bound by his election, and, if he sue all in one suit, he cannot, after judgment, sue them separately; nor can he first bring suits against them separately, or against part of them

only, and then, after judgment, maintain a new action against one sued separately by merely joining others therein. It would be unjust and an abuse of the process of the courts to allow this to be done, since in one action he can, if entitled, recover full damages. The action being joint and several, every question possible is involved, and full relief can be had. In this case, as far as this defendant is concerned, the plaintiff has no broader or further right of action than he had in the former case, and the defendant can rely upon and maintain no defense that he could not in the former suit. The former action and this one are, as to these parties, in all respects identical, and a judgment, if upon the merits, in the former suit is conclusive in this as to this defendant.

In 2 Black on Judgments (2d Ed.), sec. 777, it is said: "The plaintiff, who is injured by a tortious act shared in by several, must elect whether he will prosecute them all in joint action, or sue one or more separately. He cannot do both. Courts everywhere in this country agree that the injured party in such a case may proceed against the wrongdoers jointly, or he may sue them all, or any one of them, separately; but if he sues them all jointly, and has judgment, he cannot afterwards sue any one of them separately, or if he sues them separately, and has judgment, he cannot afterwards seek his remedy in a joint action, because the prior judgment against one is, in contemplation of the law, an election on his part to pursue his several remedies."

Mr. Freeman, in his work on Judgments (4th Ed.), vol. 1, sec. 236, says:

"Suing trespassers, or any of them, severally, is conclusive election to consider the trespasses as several, and is a bar to a joint action subsequently instituted."

Other authorities are to the same effect: 1 Jaggard on Torts, sec. 343; *Sessions* v. *Johnson,* 95 U. S., 347, 24 L. Ed. 596.

2. The transcript of the record in *J. N. Moore* v. *East Tennessee Telephone Co.,* 142 Fed., 965, 74 C. C. A., 227, from the United States circuit court of appeals, of itself proves the plea of former adjudication relied upon by the defendant.

The replication to the plea is *"Nul tiel* record." There is no replication that the parties to the two cases and the cause of action sued on in them, respectively, are not the same. The only issue made is whether there exists such a record as is set forth in the plea, and this is one to be tried by the court by an inspection of the record offered in evidence by the defendant. The burden to establish the plea of former adjudication is upon the defendant; but, when he has produced and placed in evidence the record relied upon in the plea, he has made out a *prima facie* case, if it appear from an inspection of that record with reasonable certainty that the parties to that case and the cause of action there sued upon are the same as those in the case on trial. It is only where these facts do not so appear that further evidence is required to sustain the plea. *Williams*

v. *Hollingsworth,* 5 Lea, 360; *Ridley* v. *Buchanan,* 2 Swan, 559; Black on Judgments, 630, 631; *Packet Company* v. *Sickles,* 5 Wall., 592, 18 L. Ed., 550.

The record introduced in evidence discloses that in that case J. N. Moore, a conductor of the Chattanooga Electric Street Railway Company, was plaintiff, and that the East Tennessee Telehone Company, a corporation owning and operating telephone lines in the city of Chattanooga, was the defendant, and the averments of the declaration found in that record are substantially the same as those in the declaration filed in this case in all material details and particulars. It is thus proven that the parties to the two cases and the cause of action sued upon in both of them are identical and the same. There can be no question but that this is sufficient to make out a *prima facie* case of the identity of the parties and the cause of action.

There is nothing in the insistence that the declaration in this case contains averments of negligence upon the part of the defendant not found in the former suit. The wrong done is the cause of action, and it is the same in both cases, notwithstanding there may be a difference in the averments of negligence in the two declarations. It was the duty of the plaintiff to present his entire case in the first suit brought and prosecute it to judgment, and if he failed to do so it was his own fault.

3.   The judgment of the circuit court of appeals of the United States in the former suit was a final judgment upon the merits.

The contention of the plaintiff that this judgment is not final seems to be predicated upon the form and language of the mandate of the court to the circuit court, rather than upon the judgment entered. The judgment is in these words:

"This cause came on to be heard upon the transcript of the record from the circuit court of the United States for the eastern district of Tennessee, and was argued by counsel. On consideration whereof it is now here ordered and adjudged by this court that the judgment of the said court in this cause be, and the same is hereby, affirmed, with cost."

The court had jurisdiction to enter a final judgment. The sixth section of Act Cong. March 3, 1891, ch. 517, 26 Stat., 828 (U. S. Comp. St., 1901, p. 549), in relation to the jurisdiction of this court is as follows:

"That the circuit court of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decisions in the district courts and the existing circuit courts in all civil causes other than those provided for in the preceding sections of this act, unless otherwise provided by law, and the judgments or decrees of the circuit court of appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to a suit or controversy being aliens and citizens of the United States or citizens of different States."

The mandate is provided for by the last paragraph of section 10 of the same act, and is merely for the pur-

pose of having the final judgment of the court executed. That paragraph is in these words:

"Whenever on appeal or writ of error or otherwise, a case coming from district or circuit court shall be reviewed and determined in the circuit court of appeals, in a case in which the decision of the circuit court of appeals is final, such cause shall be remanded to the district or circuit court for further proceeding to be there taken in pursuance of such determination."

The judge of the circuit court cannot open the case when it is remanded. He cannot in any way modify the judgment of the higher court. He has no judicial function to exercise in the matter. He cannot exercise any discretion. All that can be done is to execute the judgment of the appellate court, and this is merely a ministerial act. *Wabash R. R. Co.* v. *Tourville,* 179 U. S., 326, 21 Sup. Ct., 113, 45 L. Ed., 210; *Winthrop Iron Co.* v. *Meeker,* 109 U. S., 181, 3 Sup. Ct., 111, 27 L. Ed., 898; *Mower* v. *Fletcher & Bicknell,* 114 U. S., 128, 5 Sup. Ct., 799, 29 L. Ed., 117.

As to the merits, the plaintiff had presented in his declaration all the facts upon which he claimed he was entitled to the recovery against the defendant for the injuries sustained by him. The demurrer interposed by the defendant admitted these facts, and submitted to the court whether upon them the plaintiff in law was entitled to maintain his action, and it was held that he could not. The opinion of the circuit court of appeals, in the former case may be looked to to ascertain the

point upon which it was decided, and to determine whether the decision was upon the merits. *Fowlkes* v. *State,* 14 Lea, 14; *State* v. *Bank,* 96 Tenn., 595, 36 S. W., 719.

In that opinion it is said: "This action was for damages arising from personal injury resulting from alleged negligence of the defendant in locating one of its poles in too close proximity to the line of the electric railway upon which the plaintiff was employed as conductor. The action was dismissed upon demurrer to the declaration, the plaintiff having elected not to plead therein. The judgment of the court below must be affirmed. We think the demurrer was properly sustained—not for the reasons stated by the court below, but for the reasons stated in the third ground of demurrer, which is because the plaintiff's declaration shows that the proximate cause of his injury was his own negligence."

It clearly appears from this that the former case was not dismissed for any defect in the pleadings, or other question not going to the right of the plaintiff to maintain his action, but because upon his own statement of the facts he had no cause of action against this defendant. The judgment, although upon demurrer, was upon the merits, and is sufficient to support a plea of former judgment. *Peeler* v. *Norris,* 4 Yerg., 331; *Welsh* v. *Harmon,* 8 Yerg., 103; *Thomson* v. *Blanchard,* 2 Lea, 528; *Hodson* v. *Caldwell,* 1 Lea, 50; *Murdock* v. *Gaskill,* 8

Baxt., 22; *Grotenkemper* v. *Carver,* 4 Lea, 375; *Parkes* v. *Clift,* 9 Lea, 524.

4. The transcript of the record came from the proper court. The case was finally decided, as we have seen, in the circuit court of appeals, and a transcript of the record in that court is a full and complete record of the case. The order of the circuit court, in entering the decree of the higher court and carrying it into effect, amounts to nothing more than an execution. In this case it was simply a formal judgment for cost against the plaintiff, in compliance with the direction of the higher court, and the award of an execution. A copy of these proceedings would throw no light upon the matters adjudicated. The questions decided dispose of all the errors assigned.

There is no error in the record, and the judgment dismissing plaintiff's suit is affirmed, with costs.