BUCKLEY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. MASTER AND SERVANT (§ 137*)—INJURY TO SERVANT—OPERATION OF RAILROAD—NEGLIGENCE OF ENGINEER.

In an action for death of an engineer, who had started towards his engine, which was to leave in a few minutes, and at the time when another engine was leaving according to a schedule known to deceased, who was killed by the outgoing engine, *held*, that the failure to see deceased was not negligence, unless some act of omission or commission that was negligence resulted therefrom, and that if the persons on the engine had seen deceased they had the right in the first instance to assume that he would leave the track and not continue his walk thereon.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269–278; Dec. Dig. § 137.*]

2. MASTER AND SERVANT (§ 89*)—INJURY TO SERVANT—NATURE OF ACT.

Where an engineer, who was killed by an outgoing engine while he was on his way to take charge of his own engine, was neither authorized, directed, nor required in the discharge of his duties to walk on the track as he was doing when injured, he was at most a mere licensee, and no duty was imposed on defendant, except the general duty to do no intentional injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 153–156; Dec. Dig. § 89.*]

3. MASTER AND SERVANT (§ 281*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action for injury to a servant on a railroad track, evidence *held* to show that he was guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

Appeal from Trial Term, Westchester County.

Action by Sidonie L. Buckley, as administratrix of the estate of Henry A. Buckley, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and CARR, JJ.

John F. Brennan, for appellant.

Don R. Almy (Arthur J. Levine, on the brief), for respondent.

JENKS, J. This action for negligence is brought by the administrator of a servant against the master. The accident happened near a railway station of the defendant, whereat it was accustomed to substitute locomotive electric engines for locomotive steam engines in the traction of some of its regular trains. The electric engines meanwhile stood upon a switch track, and after a steam engine of a train was shunted to a turntable an electric engine was taken out and coupled with the train. The electric engines were ranged on their switch track in the order of their respective outgoings. The intestate—an engineer—on this day, as on the eight or ten days immediately before, was assigned to take out the second engine. The scheduled difference

between the outgoings of the first and the second engine was six or seven minutes. It was daylight. The intestate had been waiting at the station in conversation with Biehls and Hayden, two other engineers. He left them to start in the direction of his engine at the time when the first engine must go out. After walking for a few feet, and when about 69 feet from the first engine to go out, he took his way between the rails whereon these engines were accustomed to stand, and continued in that way at an ordinary pace for about 59 feet. As the first engine started, Biehls and Hayden, seeing the peril, cried out to the intestate, who thereupon made an attempt to leave the track, but was struck by the engine.

The plaintiff complains that the persons in charge of the engine did not see the intestate; but that failure was not negligence, unless some act of omission or commission that was negligence as to the intestate resulted from it. The evidence is that the engine was started slowly upon the usual signal, that as it started its bell was rung (the customary and usual warning), and that it was running at the rate of from six to eight miles an hour. If those in charge of the engine had seen the intestate thus walking at an ordinary pace within the rails, they had the right, at least in the first instance, to act upon the assumption that he would leave the space between the rails, and not continue his walk therein to collision. Chrystal v. Troy & Boston R. R. Co., 105 N. Y. 164, 11 N. E. 380. There was nothing in the situation, even if they had seen the intestate, that required them in the exercise of due care to act otherwise. Indeed, the intestate attempted to act as they had the right to assume he would act, namely, to stand aside.

It appears that the intestate could have either found his way outside of the tracks, or have gained a space wherein he could have stood clear of a passing engine. It appears that the engineer of the first engine was accustomed to use a narrow way outside of the rails, and there is proof that there was a space of safety where the intestate could have stood, although a narrow one. It does not appear that the intestate had ever thus walked within the rails to gain his engine, or that it was necessary for him even to walk upon the tracks at all in time to reach his engine until the first engine had passed out. Indeed, it would seem that the intestate ordinarily had six or seven minutes after the first engine went out within which he could pass over the comparatively few feet required to reach his own engine. There is no proof that he or any other employé in similar situation was ever directed, or even authorized, to use such a way under similar circumstances.

I think that the plaintiff would hold the defendant to an obligation beyond that authorized by law. If the intestate was neither authorized, directed, nor required necessarily in the discharge of the duties imposed upon him to use this way at this time and under the surrounding circumstances, he was at most a mere licensee. The license "created no legal right, and imposed no duty upon the defendant, except the general duty, which every man owes to others, to do them no intentional wrong or injury." Winn v. N. Y. Central & H. R. R. Co., 65 App. Div. 572, 72 N. Y. Supp. 899, citing authorities.

· Moreover, I fail to find proof of the absence of contributory negligence. The intestate was thoroughly familiar with the system when he started in his way. It was the same regularly observed, and one in which he had taken part for the eight or ten days just previous to the day of the accident.   He must have known that the oncoming of the first engine was imminent.   There is no reason suggested why he could not foresee the immediate peril.   For aught that appears, he was qualified by his knowledge and his faculties to perceive it and to realize it. He sought to avoid it, so that it perhaps might seem that, with the familiarity of employment which often induces carelessness, the accident was due as much to a miscalculation as to inattention.   He.stepped aside too late to clear the engine.   But he was not justified in throwing caution to the winds in sole reliance upon those in charge of the engine; for they had the right to assume that he, as well as they, would act with reasonable care.   I think that, aside from all other grounds, the absence of proof of due care on the part of the intestate requires a reversal of the judgment and the ordering of a new trial. See Barstow v. Old Colony Railroad, 143 Mass. 535, 10 N. E. 255; Galvin v. Old Colony Railroad, 162 Mass. 533, 39 N. E. 186; Clark v. New York, Lake Erie & Western Railroad Co., 80 Hun, 320, 30 N. Y. Supp. 126; Dyer v. Fitchburg Railroad Co., 170 Mass. 148, 48 N. E. 1087; Pennsylvania Co. v. O'Shaughnessy, 122 Ind. 588, 23 N. E. 675; Illinois Cent. R. R. Co. v. Curran, 94 Ill. App. 182; Sours v. Great Northern Railway Co., 84 Minn. 230, 87 N. W. 766.

The judgment and order must be reversed, and a new trial must be granted; costs to abide the event.   All concur.