JUNIUS E. BEAL AND PHOEBE E. BEAL, EXECUTORS,.
ETC., V. JACOB A. POLHEMUS.

*Practice in Supreme Court—Findings of fact—Contract to erect
building and secure location of post-office therein—Public
policy.*

1. It is the exclusive province of the trial judge to pass upon the tes-
timony in a non-jury case, and draw the inferences therefrom,
and his conclusions as to its *weight* and *bearing* are not review-
able in the appellate court.

So *held*, where a circuit judge refused to allow certain findings
of fact prop sed by counsel, a review of the evidence disclosing
no error in *fact* in the findings made.

2. An agreement for the payment of a certain sum of money on
condition that the payee should erect a building at a specified
place, near the payor's property, to be occupied as post-office by
a given date, is not void as opposed to public policy, it appear-
ing that the payee used no undue influence in securing the loca-
tion of said post-office, and was guilty of no corruption or cor-
rupt practice in making such contract.

Error to Washtenaw. (Newton, J., presiding.) Argued
July 6, 1887. Decided October 6, 1887.

Assumpsit. Defendant brings error. Affirmed. The
facts are stated in the opinion.

*E. C. Kinne (J. L. Lawrence,* of counsel), for appellant.
*Sawyer & Knowlton,* for plaintiffs.

MORSE, J.   The plaintiffs brought suit in the circuit
court for the county of Washtenaw upon the following con-
tract:

"$600.              ANN ARBOR, MICH., December 31, 1881.
"On or before the thirty-first day of December, 1883, for
value received, I promise to pay to Rice A. Beal, or bearer,
six hundred dollars.

"This note is given on condition that said Rice A. Beal, his heirs or assigns, shall erect a building on the north-east corner of Ann and Main streets on block two, north of Huron street, in the city of Ann Arbor, and that said building shall, on or before the thirty-first day of December, 1883, be occupied as a post-office. This note shall become operative and due as soon as the post-office is moved into said building. If the building is not erected, and the post-office placed therein, before the thirty-first day of December, 1883, then this note will become null and void.

[Signed] "J. A. POLHEMUS."

The cause was tried before the Hon. William Newton, who made a finding of the facts, and rendered judgment for the plaintiffs for the amount of the contract and interest, less an offset proved by defendant.

The plaintiffs are the executors of the late Rice A. Beal. The note or contract was found among his effects after his death.

The judge finds that the contract was one among several given to Rice A. Beal by persons who owned property on the same street and on the same block in which said Beal owned, or had contracted for, lots on which to erect the building mentioned in the contract, and that the defendant and others were influenced to make such contracts by the prospective improvement of the value and rental of their property by the erection of such a building, of the value of between $20,000 and $30,000 upon Beal's vacant lot, on the north-east corner of Ann and Main streets in Ann Arbor; that this note or contract, with others, was the inducement offered Rice A. Beal for the erection of the building; that the post-office, at the time of the making of the contract in suit, was located on Huron street, one block south of the site of the new building, and had been there for 15 years; that the locating of the post-office in the Beal block, when completed, was supposed by the parties contributing, and regarded by them, a desirable means of drawing the public to the street and block on which the new building was to be placed, and that

it would be the means of enhancing their property in the block. But for these contracts, Rice A. Beal would not have erected said building, and they were a part of his consideration for doing so. The post-office was moved into the new building erected by Beal, January 1, 1883, and has been there located ever since. The building was fully completed before December 31, 1883, and cost between $25,000 and $30,000.

The court further found that the contract was a valid one, and that there was a valuable consideration for the same, and no fraud or overreaching in the same by Rice A. Beal; that the contract was not in contravention of any law or contrary to public policy; and he further finds that Rice A. Beal, in securing the post-office to be placed and located in his building, used no undue influence upon any department or officers of the government, and was not guilty of any corruption or corrupt practice in making such contract, and did no more than any honorable man might do in renting his building to the government for the use of the post-office at Ann Arbor.

A number of findings of fact were proposed by the counsel for defendant, and submitted to the circuit judge, who refused to allow them.

Error is based upon such refusal; but we cannot interfere with the action of the trial judge in this respect. It is his exclusive province to pass upon the testimony, and draw the inferences therefrom. His conclusions as to its weight and bearing are not reviewable in this Court. And we do not find, from a careful survey of the evidence, that he has erred in fact. The case must therefore be disposed of upon the facts as stated in the findings; and upon the findings the conclusions of law are right.

It is contended, in an able argument by the counsel for the defendant, that the contract is void as opposed to public policy. This argument is based upon the assumption that Beal, who was a prominent member and leader of the then

dominant party in the nation, sold his influence with our Senators, and that this contract was given in payment for such influence; that, in consideration of the payment of the sum therein mentioned, Beal stipulated to exert his personal and party influence upon an officer of the government. And it is claimed that such personal influence cannot be a matter of bargain and sale to be enforced by the courts.

He cites an extract from the opinion of the United States Supreme Court in the case of *Oscanyan v. Arms Co.*, 103 U. S. 261, in which it is said that—

" Personal influence to be exercised over an officer of the government in the procurement of contracts is not a vendible article in our system of laws and morals, and the courts of the United States will not lend their aid to the vendor to collect the price of this article."

We fully indorse this language, and we agree in much that was said upon the argument as to the deplorable effect of corruption in the governmental service, and the necessity of courts refusing in any and all cases any aid to those who are seeking to recover the price of their labor as lobbyists, either before Congress or any department of the government.

But the argument does not touch the present case. Mr. Beal had a perfect right to be heard before any officer of the government, or any department of the same, as to the merits of his building as a place for the location of the post-office.

It is not shown by the findings or the evidence in the case that he used any improper means to gain his point, or even that he influenced any Senator or Representative in Congress, or any officer of the government, to interfere in his behalf. He went to Washington personally, and, while there, secured the location of the office where he wanted it; but there is not the slightest testimony that he used any undue means to accomplish his end. We cannot presume that he used his personal power, which is said to have been very great, in a corrupt or unseemly manner, or in violation of any public

policy. For aught we know, he appeared, as any citizen might and has a right to do, before the proper office at Washington, and stated the merits of his claim so convincingly and conclusively that the location desired seemed to be the most proper and available one. Certainly, there could be nothing wrong in this. It is true, there is evidence in relation to some of the contracts, not in suit, that Beal boasted he could control the Senators from this State, and that he must have money to go to Washington to do so; but there is no testimony that either one of them lifted a hand or said a word in his behalf. And there is nothing to show that in the present case he made any such representations to obtain the contract.

The defendant agreed to pay a certain sum upon the accomplishment of an object in which he saw a future benefit to his property. That object was attained, and he has had the benefit he desired. There is no valid reason why he should not fulfill the contract on his part, as Beal promptly fulfilled his part of the agreement.

The judgment of the court below is therefore affirmed, with costs.

The other Justices concurred.