ELIZABETH WOODMAN *et al.* v. INNES & ROSS *et al.*

CONTRACT—*Against Public Policy.* Where the general public has an interest in the location of a public office, like that of a post office in a city, a contract to induce the retention of the post office at a given point, thereby restricting its location in the city to one place only, for individual benefit or personal gain, is against public policy, and not enforceable.

*Error from Sedgwick District Court.*

THE opinion states the facts. Judgment for defendants, *Ross* and others, April 7, 1888. The plaintiffs, *Woodman* and others, bring the case to this court.

*Harris & Vermilion,* for plaintiffs in error.
*Dale & Wall,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The material facts of this case are as follows: The firms of Innes & Ross and Aldrich & Brown, in 1882, owned property and were engaged in business on Main street, in the city of Wichita, in this state, near the building where the post office in Wichita was kept. They were desirous of having the post office remain in the building near their place of business, and, as an inducement to have the post office remain in the building, on the 1st of October, 1882, they executed and delivered to W. C. Woodman their written contract, whereby they agreed to pay him, as part of the rent for the post-office building, the sum of $75 every three months. The post office was continuously kept in the building on Main street up to the 1st of October, 1886, and the firms of Innes & Ross and Aldrich & Brown paid the rent up to the 1st day of October, 1885, but refused thereafter to pay any further rent. On the 24th of December, 1886, W. C. Woodman commenced his action to recover $303.96 for the residue of the rent, which he claimed to be due upon the written contract. While the action was pending in the court below, W. C.

Woodman died, and his executors were substituted, by the order of the court, as plaintiffs. Upon the trial the defendant objected to the introduction of any evidence. The court sustained the objection, holding that the contract was against public policy, and therefore void. We approve of the ruling of the trial court. It was decided in *Railroad Co. v. Ryan*, 11 Kas. 609, that a contract not to have or use a depot within three miles of a given point was against public policy, and void. It was said in that case, among other things, that—

"Railroad corporations are, as we have seen, public agencies, and perform a public duty. They are agencies created by the public, with certain privileges, and subject to certain obligations. A contract that they will not discharge, or by which they cannot discharge those obligations, is a breach of that public duty, and cannot be enforced. They are under obligations to use the utmost human sagacity and foresight in the construction of their roads, to prevent accidents to passengers. A contract that they will not use such sagacity and foresight certainly cannot be upheld. They are under obligations to employ skillful and competent engineers to manage their engines, and other competent employés to superintend and take care of the running of their trains. A contract that they will not employ such agents and servants is certainly void. They are bound to furnish reasonable facilities for the transportation of freight and passengers, both as to the quality and quantity of cars and coaches, and the number of trains, and a contract not to furnish such facilities will not be tolerated. So though one train a day with one freight car and one passenger coach might be at present amply sufficient to do all the business between two given places, yet a contract never to run but one train a day with the one car and coach, could not be upheld, for the necessities of trade and travel are varying, and it is the duty of the company to adjust its capacities and facilities for business to these varying necessities. Upon the same principle, it is the duty of a railroad company to furnish reasonable depot facilities. The number and location of the depots, so as to constitute reasonable depot facilities, vary with the changes and amount of population and business. A contract to leave a certain distance along the line of the road destitute of depots is in contravention of this duty."

Under the allegations of the petition, the location of the

post office in this case was to be restricted to one place. The government locates only one post office in a city, and such office is a public one, and the general public has an interest in the location of the office. Any contract which is made for the purpose of securing the location of such an office, or which prevents, or tends to prevent, the change or removal of such an office, when the necessities of business or the interest of the public demand a change or removal, tends to the injury of the public service, and therefore is against public policy. Such contracts as referred to in the petition tend to improperly influence those engaged in the public service, and also tend to subordinate the public welfare to individual convenience or gain. Parties should not be permitted to make contracts which induce personal or private interest to overbear public duty or public welfare. (*County Lodge v. Crary*, 98 Ind. 238.)

Counsel for plaintiffs say that the written contract of the parties is enforceable, because it is not shown that it is unfair, or that any undue influence was to be used to retain the post office on Main street. Such contracts lead to secret, improper and corrupt influences, to the injury of the public. In this view, we cannot think it good policy for the courts to enforce such contracts.

"All agreements for pecuniary considerations to control the business operations of the government, or the regular administration of justice, or the appointments to public offices, or the ordinary course of legislation, are void as against public policy, without reference to the question, whether improper means are contemplated or used in their execution. The law looks to the general tendency of such agreements, and it closes the door to temptation by refusing them recognition in any of the courts of the country." (*Tool Co. v. Norris*, 2 Wall. 45.)

If W. C. Woodman had no control over the location of the post office, or if he could not, by his influence, representations, or otherwise, induce the United States post-office department to permit him to retain the post office upon Main street, then the contract sued upon was wholly without consideration, and for that reason ought not to be enforced.

The case of *Beal v. Polhemus*, 67 Mich. 130, (34 N. W. Rep. 532,) which is referred to as fully sustaining the petition, is somewhat different in its facts, but all said therein is not satisfactory to us.

The judgment of the district court will be affirmed.

All the Justices concurring.