## MOORE v. EAST TENNESSEE TELEPHONE CO.

(Circuit Court of Appeals, Sixth Circuit.   December 16, 1905.   On Rehearing, January 31, 1906.)

### No. 1,441.

1. PLEADING—DEMURRER—FACTS INFERABLE FROM ALLEGATIONS.

A fact plainly inferable from the allegations of a pleading is, as against the pleader, of equal effect on demurrer, as though expressly stated.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 525-526½.]

2. HIGHWAYS—OBSTRUCTION—INJURIES—ACTION—SUFFICIENCY OF DECLARATION.

The declaration, in an action by the conductor of an electric street car against a telephone company to recover for a personal injury, alleged that while standing on the steps of his car, observing the operation of the trolley, plaintiff was injured by striking his head against one of defendant's poles which stood in dangerous proximity to the track. It also alleged that "the dangerous condition arising from the close proximity of said telephone pole was unknown to the plaintiff." *Held*, that it was a reasonable inference from such allegation that plaintiff knew the position of the pole and was guilty of contributory negligence, and that, in the absence of further allegations denying such knowledge or stating circumstances which might relieve him from such charge of negligence, the declaration did not state a cause of action.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

PER CURIAM.   Judgment affirmed.

### On Rehearing.

PER CURIAM.   This action was for damages arising from a personal injury resulting from the alleged negligence of the defendant in locating one of its poles in too close proximity to the line of an electric railroad on which the plaintiff was employed as a conductor. The action was dismissed upon demurrer to the declaration; the plaintiff having elected not to plead further.

The judgment of the court below must be affirmed.   We think the demurrer was properly sustained, not for the reason stated by the court, but for the reason stated in the third ground of demurrer, which is "because the plaintiff's declaration shows that the proximate cause of the plaintiff's injury was his own negligent act."   The declaration does not state for how long a period the telephone pole had been standing in the place it occupied at the time of the accident, nor for how long a period the plaintiff had been habitually passing it.   The allegation is "that the dangerous condition arising from the close proximity of said telephone pole was unknown to the plaintiff."   This is not an allegation that he did not know that the pole was standing there, but that he did not know the danger caused thereby, which contains an implication that he knew it was there, but did not appreciate the danger of it, and that which is implied is of equal effect as if it had been expressed.   In the face of a demurrer the presumption

is against the pleader, and is that he had knowledge that there was a pole located there.

The declaration further states that the plaintiff was injured by being struck on the head by the telephone pole when standing on the steps of his car observing the operation of the trolley, the reasonable inference from which is that he was leaning out beyond the side of the car. If he did this with knowledge that the telephone pole was standing there, we think he made out a prima facie case of contributory negligence, from which he was bound to excuse himself by further explanation of the circumstances which might relieve him.

It is true that in the federal courts it is held that the burden of showing contributory negligence on the part of the plaintiff rests upon the defendant. But this rule does not apply when such negligence is plainly inferable from the plaintiff's own statement of his cause of action. Horn v. Baltimore & Ohio R. Co., 4 C. C. A. 346, 54 Fed. 301; I. Thompson on Negligence, §§ 385, 386.