## CHERRY v. CITY STATE BANK et al.

No. 5832—Opinion Filed June 30, 1916.

(159 Pac. 253.)

### Contracts—Consideration—Legality.

Where the owners of property located in a certain territory within a town, and parties engaged in business in said territory, enter into a contract with the owner of a lot in said territory, by which they agree to pay not to exceed the maximum amount of rental stated in said contract so long as the building to be erected on the lot is occupied by a United States post office, not to exceed a period of 10 years, the petition showing that in pursuance of said contract, a building was erected and a contract was entered into between the owner of the lot and the United States for the location of a post office on that lot for the period of 10 years at the nominal rent of $1 per annum, and petition showing

that no improper or undue means were to be used, or were used, in securing the location of the post office, the contract was a binding obligation, and was not void as against public policy.

(Syllabus by Dudley, C.)

Error from District Court, Greer County; G. A. Brown, Judge.

Action by G. P. Cherry against the City State Bank and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions.

B. L. Tisinger, E. M. Stewart, Thacker & Thacker, and Warren K. Snyder, for plaintiff in error.

Keaton, Wells & Johnston and Percy Powers, for defendants in error.

Opinion by DUDLEY, C. On the 7th day of October, 1909, H. Mathewson, C. P. Hamilton, Jackson & Wilson, W. H. Harris, C. P. Patterson, W. L. Patterson, W. H. Dickey, G. B. Townsend, Lee Hawkins, W. M. Burgess & Co., B. R. Davis, W. M. Franks, McKinney, Auld & Co., Geo. E. Clark, F. S. Gentry, Gentry & Harris, J. W. Lovett, Jackson Gro. Co., Arthur Cooke, Boam & Claunch, City State Bank, C. P. Herd, H. Byars, and R. P. Wright, all of Greer county, Okla., entered into a contract with G. W. Boyd, by the terms of which they agreed to pay to the order of G. W. Boyd, on the first day of each term of 12 months of anticipated occupancy by the United States post office in the city of Mangum, Greer county, Okla., of the portion of the following described real property and premises situated in said Greer county, Okla., to wit: Lot 7 in block 12 of the town of Mangum, the full amount of the rental value of the property and premises so occupied for each such term of 12 months not to exceed 10 such terms; provided, the amount to be so paid for each such term shall be whatever amount the said G. W. Boyd shall name prior to the commencement of the first term, not to exceed $1,500 for each such term; provided, further, this obligation shall be null and void unless the United States post office so commences to use and occupy said property and premises within 12 months from the date hereof; and provided, further, that the consideration for this obligation is the anticipated action of said G. W. Boyd in providing for the said use and occupancy and in permitting such use and occupancy of such property and premises for said post office purposes; and provided, further, those of the obligors herein who, at this time, own no real estate within said city and south of a straight line from the center of the county court house square within said city, to the east and west exterior boundaries of said city, shall not be bound by this obligation unless on the first day of each such term they occupy for business purposes some building or portion thereof within said city and south of said line, but this provision inures only to the benefit of each individual so owning no real property and occupying no building for business purposes within said city south of said line on the first day of each term for which he claims the benefit and exemption thereof, and he must give the holder of this obligation notice of his claim of such exemption in writing not later than the first day of the term for which he claims.

On the 2d day of December, 1912, plaintiff in error, who was the plaintiff in the court below, filed his petition against the defendants to recover the sum of $1,500, alleged to be due on said contract for the year commencing May 15, 1912. The petition alleges the execution of the contract, and states that on October 7, 1909, the date of the execution thereof, that the United States of America, through its proper officers and agents, had determined that the space then and theretofore, at a merely nominal rental price, occupied and used by it at and in said city of Mangum for post office purposes was inadequate for post office purposes, and that the United States of America had, in accord with the facts and with due regard to the proper purposes and uses for such post office, properly and correctly ascertained and determined that lot 7 in block 12, in the town of Mangum, was a convenient and suitable place for a building for the occupancy and use of it with its post office, and that said G. W. Boyd owned and possessed said lot 7 at that time, and that it was vacant; that there was no available building at any other place ready for the occupancy of a post office in the city, and that it was at that time the only suitably located vacant lot owned by any one able and willing to construct a suitable building for post office purposes, and that on October 7, 1909, a lawful and proper proposal was made by the defendants, without any purpose of, or fact, affecting or influencing the location of the post office within said city, and in entire good faith on the part of himself and the defendants, the said G. W. Boyd accepted from defendants a written contract, which has already been set out, and that G. W. Boyd owned no property near said lot 7, and was never interested in the location of the post office on said lot 7, except by reason of the contract entered into by him with the defendants on October 7, 1909, and that said G. W. Boyd made and entered into a preliminary contract with the United States of America in respect to post office quarters to be provided by him on said lot in accord with said contract of October 7, 1909, and immediately thereafter commenced the construction and erection of a large brick build-

ing on said lot for the occupancy and use of the United States, to the extent of the space desired by it, for said post office purposes, and completed said building on May 14, 1910, at a cost of $10,000, and that on the completion of the building the United States of America entered into the occupancy and use of the same, paying therefor $1 per annum, payable quarterly, and that on May 14, 1910, and before the United States had commenced to occupy and use the building as a post office, the said G. W. Boyd duly notified defendants that he would, under and by virtue of said contract of October 7, 1909, charge them the sum of $1,500 per annum as the rent rate for the use and occupancy of the space in said building by the United States for post office purposes for the term of 10 years commencing on the commencement of such occupancy and use, and that within a reasonable time the defendants to pay the first of his annual installment of $1,500, and that within a reasonable time after the same became due pay the greater part of the second of his annual installments of $1,500; that on April 1, 1912, George W. Boyd and his wife conveyed said lot 7, with all improvements thereon and appurtenances thereunto belonging, to the plaintiff, G. P. Cherry, subject to the lease of the United States of America, giving an assignment and transfer of the contract of October 7, 1909, and that plaintiff immediately, at the instance and request of the United States of America, executed and delivered to it his formal acknowledgment of the existence and validity of the said lease which had been entered into by the United States of America and George W. Boyd, and that until after May 15, 1912, plaintiff did not have any knowledge or notice that the defendants, or either of them, were unwilling to be bound by said contract of October 7, 1909, and until long after May 15, 1912, they and each of them did not claim to be in any way not bound to pay said rent of $1,500 per annum in accordance with the terms of said contract, and that there is now unpaid and past due and owing to the plaintiff, under and in accord with the terms of said contract, and by reason of the other facts hereinbefore alleged, the sum of $1,500 for rent for the space in said building on lot 7, for the year commencing May 15, 1912; and that payment has been demanded of defendants, but has been refused. Set out in the petition is a copy of the contract between Boyd and the defendants, copy of the preliminary contract between Boyd and the United States of America, copy of the final contract entered into between Boyd and the United States of America, and copy of the assignment of the contract by Boyd to Cherry.

On the 7th of January, 1913, demurrer was filed by defendants to plaintiff's petition, which demurrer was by the court, on the 18th day of August, sustained. Plaintiff elected to stand on his pleading, and judgment was entered dismissing the action and taxing the cost against the plaintiff.

It is not contended that the petition does not state a cause of action as against a general demurrer if the contract is valid. The question is, Was the contract void as being against public policy? The petition shows that Boyd was the owner of lot 7 in block 12, in the town of Mangum, and that he was induced by the contract entered into with him by the defendants to erect a building and lease it to the United States for a post office at the nominal rate of $1 per annum. The contract shows that the parties who obligated themselves to pay the rent on the building to Boyd expected to be benefited by reason of the post office being located on that particular lot, as they had a clause in the contract providing that those of the obligors who own no real estate within the city, and south of a straight line from the center of the courthouse square within said city, to the east and west exterior boundaries of said city, should not be bound by the obligation, unless, on the first day of each such term for which the building was leased for post office purposes, they occupy for business purposes some building or portion thereof within the city, and south of said line.

The petition shows that Boyd had no interest in the post office being located on his lot, except to secure a tenant at a fair rental; that he had no other property near said lot which could be, in any way, benefited by the location of the post office. The petition not only does not show that any improper or undue means were to be used, or were used, in securing the location of the post office, or that Boyd was to secure the location of the post office, but, on the contrary, shows the absence of any improper or undue means to obtain the location of the post office; or any means whatever to have the post office located on said lot, except to enter into a contract at a nominal rent.

In the recent case of J. W. Davis, J. S. Hastings, and C. A. Thompson v. Board of County Commissioners of Choctaw County, Okla., 58 Okla. 77, 158 Pac. 294, opinion delivered by Mr. Justice Sharp, where the county commissioners of Choctaw county accepted from Davis, Hastings, and Thompson their bond, conditioned that if the courthouse about to be erected in said county should be located on a certain block in the county seat, they would pay the county the excess cost thereof over and above the sum of $8,000, but not to exceed the sum of $15,000, and the commissioners, relying thereon, acquired title to said block by purchase and condemnation

proceedings, at a total cost of $10,391.05, and thereupon instituted action against the makers of said bond to recover $2,391.05, the amount alleged to be due thereon, it was held that the bond was a valid obligation, and not violative of public policy, there being no charge that the county commissioners were improperly influenced, or that the public welfare was made subordinate to personal considerations or private gain, or that the location was made in disregard of the public interests, and in said opinion the cases of Fearnley v. De Mainville, 5 Colo. App. 441, 39 Pac. 73; Beal v. Polhemus, 67 Mich. 130, 34 N. W. 532, relied on by plaintiff in error in this case, were cited with approval. Justice Sharp said in the opinion:

"Contracts between public officials and private parties which subordinate the public welfare for personal benefit, or which are against the public good, are open to attack; but, where they involve nothing inconsistent with good morals and sound policy, no good reason is seen why they may not be made—not, at least, in cases such as that at bar. It is not uncommon for individuals peculiarly benefited to unite with municipalities in making public improvements, building highways, digging drains and ditches, building bridges and providing sites for schoolhouses and other public buildings. Many public institutions in this state have been located as the result, partly at least, of local donations. See the acts of the Legislature locating the state reformatory at Granite; the Eastern Hospital for Insane at Vinita; Industrial School for Girls at Chickasha. In fact, the seat of government and the permanent capitol of the state was located in Oklahoma City as a result of a free site for the capitol building and executive mansion, certain cash donations, and 650 acres of land (including site for capitol and executive mansion). See Laws 1913, c. 264."

There was nothing inconsistent in the contract sued upon with good morals and good policy. Whatever profit was reaped by the contract with Boyd for the post office at a merely nominal rent was received, not by an officer, but by the United States, and the benefit under said contract was received by the public. There is nothing of a corrupt nature in the contract, and when the defendants entered into the contract to pay Boyd the rent on his building as long as it was used and occupied as a post office. the contract shows that there was sufficient consideration for its execution, as none of the obligors were to be held bound, except those who owned property within a certain territory at that time, and those who did not own property in that territory, who each year were engaged in business within said described territory.

We think the contract by which Boyd was induced to erect the building at an expense of $10,000 and entered into a lease contract with the United States of America, said building to be used as a post office at the nominal rent of $1 per annum, is valid and enforceable, and that it was error for the lower court to sustain the demurrer.

It is therefore recommended that the cause be reversed, and remanded to the district court of Greer county, Okla., with instructions to overrule the demurrer.

By the Court: It is so ordered.