## DAVIS v. BOLON.
## SAME v. JANEWAY et al.

No. 8977—Opinion Filed July 30, 1918.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 903.)

**1. Contracts—Validity—Public Policy.**

Plaintiff's assignor and defendant entered into a written contract, the object sought was to remove the post office from one location to another (lot 11, block 11), and to maintain or cause it to be maintained at the latter place for five years; and, to accomplish this object, plaintiff's assignor, M., was to use his influence and such influence as he could bring to bear upon the department to procure the removal, and in payment thereof the defendant was to pay $7.50 per month for five years. A lien was given plaintiff's assignor by defendant on lots 12 and 13 in block 11, to secure the payment thereof, and the benefits accruing from said removal were to go to plaintiff's assignor. Held, that said contract is void as against public policy, and not enforceable, and no action can be maintained thereon.

**2. Res Adjudicata—Sufficiency.**

Suit was instituted by W. H. J., as assignee of the party of the first part to a contract, against B. F. D. as assignee of the party of the second part, to said contract. Defendant filed a demurrer to the petition, the demurrer was overruled by the trial judge. Defendant elected to stand on his demurrer, and appealed to the Supreme Court, where a judgment was rendered, sustaining the demurrer on the ground that the contract sued on was void as against public policy, and ordered the lower court to dismiss the petition without further relief. Held, that in an action by B. F. D. against P. A. J., as administrator of estate of W. H. J. and C. T. R., the party of the first part to the contract sued on, that the judgment in the case wherein W. H. J. was plaintiff and B. F. D. was defendant, is a complete bar to any further action on said contract and it is a complete defense as a plea of former adjudication.

**3. Judgment—Res Adjudicata—Final Judgment.**

A judgment rendered on a demurrer to a petition which demurrer goes to the merits of the case is a final judgment, and constitutes a complete defense as a plea of res adjudicata.

**4. Same—Plea of Res Adjudicata—Parties.**

A plea of res adjudicata is not debarred because in the subsequent action others are joined as defendants.

(Syllabus by Davis, C.)

Error from District Court, Washita County; Jas. B. Cullison, Assigned Judge.

Action by B. F. Davis against Park Bolon and by B. F. Davis against P. A. Janeway, administrator of the estate of W. H. Jacobs, deceased, and another. Judgment for defendants, motion for new trial overruled, and plaintiff brings error. Affirmed.

A. E. Pearson, for plaintiff in error.

Massingale & Duff, for defendants in error.

Opinion by DAVIS, C. This cause comes to this court from the district court of Washita county, Okla., upon a petition in error by B. F. Davis, plaintiff in error. By agreement of the attorneys at the trial of the cause of B. F. Davis, Plaintiff in error, v. Park Bolon, Defendant in Error, both causes were submitted to the trial judge on the same evidence, except that, in the case of B. F. Davis, Plaintiff in Error, v. P. A. Janeway et al., Defendants in Error, it was agreed and stipulated that, in addition to the defense offered in the case of B. F. Davis, Plaintiff in Error, v. Bolon, Defendant in Error, there should be introduced and used in evidence certain pleadings that had been filed in the district court of Washita county in the case of W. H. Jacobs, Plaintiff, v B. F. Davis and W. A. McAtee, Defend-

ants. It was further agreed that the oral testimony that was taken in the case of B. F. Davis, Plaintiff in Error. v. Park Bolon, Defendant in Error, should be considered as introduced in the case of B. F. Davis, Plaintiff in Error, v. P. A. Janeway, Administrator of the Estate of W. H. Jacobs, Deceased, and C. T. Reese, Defendants. The parties will be referred to as they appeared in the lower court.

It appears from the evidence in this case that on or about August 1, 1910, there was a contract entered into between one W. A. McAtee and Park Bolon, which contract is in words and figures as follows:

"Made this 1st day of August, A. D. 1910, between Park Bolon, one of the firm of Bolon Bros., of the first part, and W. A. McAtee or order, party of the second part, witnesseth:

"That the party of the first part agrees to pay the party of the second part or order the sum of $7.50 per month, for value received, beginning on August 1, A. D. 1910, and continuing for five years from the date of beginning.

"It is further agreed and fully understood that this agreement and contract shall be a lien on the following realty in Sentinel, Washita county, Oklahoma; All of lots twelve (12) and thirteen (13) in block eleven (11) in Sentinel, Oklahoma.

"It is further agreed and fully understood that in event the government removes the Sentinel Post Office from lot 11 in block 11, Sentinel, Oklahoma, that this contract shall be null and void.

"It is mutually agreed and understood that the covenants and agreements herein contained shall be obligatory upon our heirs, executors, administrators and assigns of the respective parties.

"In witness whereof the first parties of the contract have hereunto set their hands this the 7th day of January, A. D. 1911.

"[Signed] Park Bolon."

This contract was duly acknowledged before Blaine Jones, a notary public, and filed for record on the 16th day of January, 1911, in the register of deeds office of Washita county, Okla.

This contract was on January 7, 1911, indorsed to Blaine Jones, without recourse by W. A. McAtee. Thereafter it was indorsed without recourse by Blaine Jones to B. F. Davis. The evidence discloses that on or about the date of the execution of this contract W. A. McAtee was the owner of a portion of a lot in Sentinel, Okla., and that he was also interested in a bank that was located on a portion of this lot; that on or

about the date of the execution of the contract W. A. McAtee went to the defendant herein, as well as to numerous other persons who were the owners of real estate situated near lot 11, in block 11, of Sentinel, and represented to the defendant, as well as to the other parties interested in adjacent real estate, that he was desirous of securing a location of the United States post office on lot 11, in block 11 of Sentinel, Okla., and that the rental to be received from the United States government was the sum of $1 per year, and, in order to construct a building on said lot and furnish the same to the government for the purpose of locating therein the post office, it would be necessary that various parties owning property near said lot should pay him a sufficient sum to amount to a reasonable rental of said building. The evidence further discloses that at this time there was a contest being had in Sentinel, Okla., as to the place where the post office should be located. The evidence further discloses that W. A. McAtee represented to the defendant that unless said post office should be located on lot 11, block 11, that he was going to move his bank to another portion of the town, and further represented to the defendant and various other interested parties that he had a "pull" with the United States officers, whose duty it was to select the site for the post office, and that through his influence the post office could be located on the lot in question. Under these representations by the said W. A. McAtee, the defendant herein executed the contract herein sued upon, and made some payments thereon. After the contract was purchased by the plaintiff, B. F. Davis, the defendant, Park Bolon, refused to make further payments on said contract, and this suit was instituted for the purpose of foreclosing the lien claimed under and by virtue of the terms of said contract. A trial was had before Jas. B. Cullison, special judge of the district court of Washita county, and after hearing all the evidence in said cause, judgment was rendered in favor of defendant. The contract sued upon was found void and against public policy and unenforceable. A motion for a new trial was filed and overruled. From the action of the trial judge in overruling the motion for new trial an appeal is prosecuted to this court by the plaintiff by petition in error. A reversal of this judgment is sought upon various assignments of error; but, as there is only one question to be determined, we deem it unnecessary to set out the various errors assigned in this cause.

The only question which we deem material to a decision of this case is whether or

not the contract herein sued upon is void and unenforceable by reason of being against public policy. The evidence discloses that when said contract was entered into that W. A. McAtee represented to the defendant that he had a "pull" with the Post Office Department that would enable him to secure the location of the post office building on lot 11, block 11, Sentinel, Okla. That a short time thereafter W. A. McAtee filed or caused to be filed an application with the Post Office Department or officials at Washington, D. C., to have the post office located on said lot and that in response to that application a post office inspector was sent to Sentinel, Okla., and that Mr. McAtee was advised of the date on which he would arrive, and on his arrival he procured the services of one J. A. Leuch, who was the owner of a car, to meet the post office inspector and to take said inspector, together with Mr. McAtee into the country and to keep them there until train time, so that said inspector might be prevented from meeting other parties who were interested in securing a location for the post office at a different place than the one in which Mr. McAtee was interested. The evidence further discloses that when said inspector, whose name is not disclosed in the record, did arrive, he and Mr. McAtee got into the car owned by Mr. Leuch and left the town of Sentinel, and stayed in the country the entire afternoon; that they came back to Sentinel just in time for the inspector to catch the 6 o'clock train. The evidence further discloses that Mr. McAtee told the defendant that said inspector had arrived, and that he was going to take him to the country for the purpose of preventing him from meeting any parties in Sentinel whose interests were adverse to Mr. McAtee.

The foregoing evidence is undisputed in the record. The defendant filed his answer, setting forth the conditions under which said contract was made, and specifically pleaded that said contract was void, for the reason that the real consideration for said contract was that W. A. McAtee was to use his influence with the government officials for the purpose of securing the removal and relocation of said post office, and that the said McAtee did use corrupt, fraudulent, and unfair means in securing the relocation of the post office by filing application with the department for said removal, and causing the government to send an inspector to Sentinel, Okla., to investigate the facts relative to said removal and relocation, and that the said McAtee took an automobile and met said inspector, and took full charge of him, and piloted him about from place to

place in such a way that he could not see the parties opposed to said removal and relocation, but would only see such parties that were in favor of it. There is no evidence or contention that Mr. McAtee used fraud or corruption in the sense in which those words are ordinarily understood and used, and the main question for determination is whether or not the conduct as charged in said answer and proven in the trial of said cause constitutes such fraud as will render the contract herein sued upon void and unenforceable.

It is conceded by the defendant that a contract may be entered into whereby property owners may contract with a party to contribute so much per month as compensation for rental on a building to be selected for a United States post office where all the parties act in good faith, and that said contract would not be void as against public policy, and could be enforced. It is further conceded that in ordinary actions between individuals fraud is never presumed but must be proven.

We are of the opinion that the judgment of the court should be sustained for the reason that the evidence fully sustains the finding of the court that the contract is void and against public policy. This question has been before the Supreme Court in a number of cases. In the case of Hare v. Phaup, 23 Okla. 575, 101 Pac. 1051, 138 Am. St. Rep. 852, wherein the validity of a contract very similar to the one in this case was before the court for consideration, the contract in said cause was as follows:

"Be it remembered that for and in consideration of the services of and expenses incurred by Alfred Hare in procuring the establishment of the United States post office of the city of Tecumseh, O. T., in and upon the west side of block 52, of said city, I hereby promise to pay to the said Alfred Hare the sum of $5 per month, monthly in advance, from the date of the removal of said post office to said block, and so long as said post office shall be maintained thereon, not to exceed ten years."

The only difference between the two contracts in question is that the contract herein sued upon provides that the defendant shall pay $7.50 per month for value received, whereas in the case above cited the contract provides that the consideration is for services and expenses incurred by Alfred Hare in securing the establishment of the post office.

We are firmly convinced from the reading of this record that the real consideration in the contract herein sued upon was Mr. McAtee's services in securing the location of

the post office at Sentinel, Okla., and the rental that would accrue to him by reason thereof. Judge Dunn, in speaking of contracts of this class and character; announced the following rule:

"The holding of the Supreme Court of Michigan in the case of Beale et al. v. Polhemus, supra [67 Mich. 130, 34 N. W. 532] more nearly supports the contention of counsel for plaintiff than either of the other cases. In that case Polhemus signed a contract to pay Beale $600 in consideration of his constructing a building and on its being occupied by the post office. It was contended in that case, as in this, that the contract was void as opposed to public policy, but the court allowed Beale's executors to recover on the contract because it was not shown that he used any improper or undue means to gain his point or to accomplish his end, and the court declined to presume that he used his personal power which was conceded to have been very great in any corrupt or unseemly manner or in violation of any public policy. In so holding, it is our judgment that the learned court failed to take into consideration the reasons fundamentally underlying the great weight of judicial expression where this question has been presented to the courts for consideration. Cases almost without number could be cited and quoted from which hold that contracts of this character are not void because of the conclusion that corruption and wrongdoing and undue influence would be the certain result thereof, but on account of the recognition by them of corrupting tendencies of such contracts. 'Lead us not into temptation' is the divine injunction obligatory upon all, and the declaration of the courts of this country, when contracts of this character are presented to them, holding them void because of this tendency, is but a recognition of the doctrine contained in this scriptural precept and the salutary application to contracts which might unduly tempt or incline men to improperly influence their fellowmen, holding positions of confidence and trust. We believe that the principle invoked by counsel for defendant is a salutary one, applicable to the contract here in question. That such a contract is invalid and nonenforceable is the conclusion of a great majority of the courts which have had occasion to deal with it." 23 Okla. 577, 101 Pac. 1051, 138 Am. St. Rep. 852.

It is contended by counsel for plaintiff that there is no proof of fraud upon the part of W. A. McAtee: and, if it were a suit between individuals, his contention might be well taken, but it must be remembered that this is an action wherein the public had an interest, and the action of Mr. McAtee during the entire course of his proceedings shows that his primary purpose was to prevent the citizens of Sentinel, Okla., from having a fair and open hearing on the application for a removal and relocation of the post office, at that place, and to secure a private benefit from the relocation of the post office. His conduct in meeting the post office inspector, and immediately placing him in an automobile and taking him to the country for the purpose of preventing the inspector from according a hearing to the other citizens of Sentinel, Okla., is exactly the course of conduct that is condemned by Judge Dunn in the decision just quoted from. The evidence further discloses that in addition to Mr. McAtee's studious course of conduct in preventing the post office inspector from meeting any citizens who were adverse to locating the post office on lot 11, block 11, of said city, he further represented to all of the parties from whom he obtained these contracts that he was only obtaining a nominal rent from the government of $1 per year, when in truth and in fact he secured a contract by the terms of which the government paid for the rental of said building the sum of $100 per year, and the overwhelming weight of the evidence in this case shows that $100 a year was a fair rental value for the property in question. Mr. McAtee did not disclose to the defendant at the time of making said contract herein sued upon this material fact, but on the contrary concealed the same from him. The witness D. N. Smith introduced by the plaintiff in this case testified upon his direct examination that $100 a year was a fair rental value for the post office building upon the lot in question.

We are convinced that the evidence abundantly establishes that Mr. McAtee made such a material misrepresentation to the defendant in this case as to the amount of rent that he was to receive for the building that it, of itself, would be sufficient to warrant an affirmance of this judgment.

There is nothing in this case in conflict with the rule announced in the case of Cherry v. City State Bank of Mangum, reported in 59 Okla. 267, 159 Pac. 253. In that case the government officials selected the lot on which Mr. Boyd erected the building, and in consideration of Mr. Boyd's erecting the building and furnishing the same to the government at the nominal sum of $1 per year, the adjacent property owners, in order to receive the benefit accruing to them by the location of the post office near their property, entered into a contract, by the terms of which they agreed to pay Mr. Boyd a sum not to exceed $1,500 per year. This was not a result of his activity with the Post Office Department, but, on the contrary, it shows that the Post Office Department was having great difficulty in securing a loca-

tion for its office at Mangum, Okla., and that the lot in question was selected by the officers without the least activity or suggestion upon the part of Mr. Boyd.

In the case at bar no such state of facts exists, but the entire scheme by which the post office was removed from its former location at Sentinel, Okla., and its relocation in the building on Mr. McAtee's lot was due to the activity of Mr. McAtee, and his activity went to the length of not only filing an application for the removal, but to the extent that he actively participated in the scheme by which the citizens of Sentinel were prevented from having any hearing on the question of the relocation of the post office.

We are therefore of the opinion that this judgment should be affirmed.

This brings us to a consideration of the case of B. F. Davis, Plaintiff in Error, v. P. A. Janeway, Administrator of the Estate of W. H. Jacobs, Deceased, and C. T. Reese, Defendants in Error. We will refer to the parties as they appeared in the trial court. In this case the defendants pleaded as one of their defenses res adjudicata. It appears that in this case C. T. Reese in August, 1910, executed a contract to W. A. McAtee by the terms of which he agreed to pay to Mr. McAtee the sum of $5 per month for a period of five years if the post office of Sentinel, Okla., should remain on lot 11, in block 11, of Sentinel, Okla., for that period of time, and if said post office should be removed before the expiration of five years, then said contract should be null and void. Said contract further provides for a lien on lot 14 in block 11 of Sentinel, Okla., to secure the payment of said sum. The contract is similar in every respect to the one set out in the case of Davis v. Park Bolon, supra. This contract was assigned without recourse to Blaine Jones by Mr. McAtee on September 7, 1910. On January 1, 1911, the contract was assigned without recourse by Blaine Jones to B. F. Davis, the plaintiff in this case. Some time subsequent to the execution of this contract by Reese, the property described in said contract was sold to W. H. Jacobs. Thereafter, on the 28th day of December, 1912, W. H. Jacobs filed a suit in the district court of Washita county, against B. F. Davis and W. A. McAtee defendants, wherein this contract was set out in full. The plaintiff in that action sought to have said contract canceled and declared null and void, and to have any cloud that might be cast upon the title of the plaintiff to the property described in said contract removed therefrom. The allegations in said petition are essentially the same as the answer in the cause heretofore

considered. On the 17th day of January, 1913, B. F. Davis appeared in said cause and filed a demurrer, which is in words and figures as follows:

"Comes now the defendant, B. F. Davis, and demurs to plaintiff's petition in the above cause, for the reason that the same does not state a cause of action in favor of the plaintiff and against this defendant, and by virtue of the sufficiency of this demurrer asks that the plaintiff take nothing in said cause, and that the defendant B. F. Davis go without cost."

W. A. McAtee appeared and filed a disclaimer of any interest in the property described in plaintiff's petition. The demurrer of B. F. Davis was heard by the district judge of Washita county and overruled. The defendant, B. F. Davis, elected to stand upon his demurrer, and appealed to the Supreme Court of the state of Oklahoma. The cause was reversed by the Supreme Court of Oklahoma (55 Okla. 725, 155 Pac. 241, L. R. A. 1916D, 722), and the trial court was ordered to sustain said demurrer and dismiss said cause of action. In the trial of this cause the petition, demurrer, and final judgment of the Supreme Court were introduced in evidence. The trial judge sustained the plea of res adjudicata, and dismissed the cause. The only question necessary in this case is as to whether or not the plea of res adjudicata is sustained by the evidence.

In a consideration of this question it is necessary that there should be a concurrence of four conditions: First, identity in the thing sued for; second, identity of the cause of action; third, identity of the parties to the action; fourth, identity in the quality of persons for and against whom the claim is made. As to the first proposition there can be little doubt. It will be remembered that pending this cause of action, wherein W. H. Jacobs was plaintiff and B. F. Davis and W. A. McAtee were defendants, W. H. Davis and W. A. McAtee were defendants, W. H. Jacobs died, and the cause was revived in the name of P. A. Janeway as the administrator of the estate of W. H. Jacobs, deceased. In the action wherein W. H. Jacobs sought to have this contract canceled, he set forth in his petition the identical grounds for relief that are set forth in the answer in this case, and attached to his petition was the identical contract that it sued on in this case. The only question for determination by the court in that case was the validity of the contract attached to the petition of W. H. Jacobs. The defendant B. F. Davis demurred to the petition thereby admitting all the allegations therein set

forth. His demurrer was overruled by the trial judge, and on appeal the demurrer was sustained on the ground that said contract was void and unenforceable, and the cause of action was ordered dismissed. So it will be seen from the foregoing statement that the contract was in each action the main point in controversy.

As to the second proposition as to whether or not there is an identity in causes of action, this must be answered in the affirmative. The same evidence that would have been required in the suit of W. H. Jacobs v. B. F. Davis and W. A. McAtee to procure the removal of the United States post office in Sentinel, Okla., from the location where it then existed to lot 11, block 11, Sentinel, Okla., and the further agreement that the said McAtee would maintain or cause said post office to be maintained on said lot 11, block 11, in said town for a period of five years. Said McAtee was to, and did, use his influence, and such influence as he could bring to bear upon the Department of the Interior, to procure the removal of said post office to said location, all of which was against public policy. It will be seen from the foregoing allegation that the only point in controversy was the validity of the contract attached to the plaintiff's petition, and that is the only question raised in the present case.

As to the third proposition, the identity of persons and parties to the action, it will be seen that in the former action W. H. Jacobs was the plaintiff and B. F. Davis defendant, and that in the present action B. F. Davis is plaintiff and P. A. Janeway, as the administrator of W. H. Jacobs, deceased, and C. T. Reese are defendants. The fact that C. T. Reese is made a party defendant in this action does not change the character of the action so as to debar the defendant herein from his plea of res adjudicata. The rule is laid down in Cyc. as follows:

"Where both the party offering a judgment as an estoppel and the party against whom it is so offered were parties to the action in which the judgment was rendered it is no objection that the action included some additional parties who are joined in the present suit, or that there are additional parties in the present action." 23 Cyc. p. 1242.

It seems from the citations that there is no conflict in the authorities that the foregoing statement is a correct statement of the law. The following rule is announced in 15 R. C. L. § 485:

"While in order that a judgment may operate as res judicata there must be identity

of parties in the two proceedings, yet it is not generally deemed essential that all the parties to both proceedings be identical, and a judgment is conclusive of the issues involved in a controversy as between the parties and those standing in privity with them, although in the action in which it is pleaded some only of the parties are litigants, or because in the subsequent action others are joined as defendants. Thus the parties to a suit at law having been parties to a suit in equity, the subject-matter and defense being the same, it is not sufficient objection to the introduction of the record in the equity suit that other persons were parties to the latter. The mere joining, in a second suit, of a nominal party who has no interest in the subject-matter in litigation does not prevent a prior adjudication from being a bar."

In the case of J. N. Moore v. Chattanooga Elec. Ry. Co., reported in 119 Tenn. 710, 109 S. W. 497. 16 L. R. A. (N. S.) 978, is a case wherein J N. Moore sued the Chattanooga Electric State Railway Company, a corporation, and the East Tennessee Telephone Company, a corporation, as joint tort-feasors. It appears from the statement of the case that prior to the institution of this action the plaintiff sued the East Tennessee Telephone Company, and the cause was removed to the federal court of East Tennessee, which court found adversely to the plaintiff. From the action of the court he appealed to the United States Circuit Court of Appeals at Cincinnati (142 Fed. 965, 74 C. C. A. 227), which court sustained the action of the lower court. After this he instituted an action against the foregoing defendants, and a plea of res adjudicata was made, setting forth the record in the federal court, and the question was raised as to whether or not there was an identity of the parties, and the court held that it was a final adjudication as between Moore and the East Tennessee Telephone Company, and ordered the cause dismissed. The syllabus of the court on the foregoing proposition is as follows:

"A plea of former judgment in favor of one of several defendants is not bad because in the subsequent action others are joined as defendants."

It will be seen from the foregoing authorities that the fact that C. T. Reese is a defendant in this cause of action does not prevent the plea of res adjudicata.

As to the fourth proposition, the identity of quality and the person for or against whom the claim is made, there can be no diversity of opinion, as B. F. Davis was a defendant in the former case and P. A. Jane-

way, as administrator of estate of W. H. Jacobs, deceased, was the plaintiff, and both appeared in the same capacity in this suit.

It is urged by the plaintiff that the former decision of this court is not binding in the present action, and cannot avail the defendants as a plea in res adjudicata for the reason that in the former action it was decided upon a demurrer. With this contention we are unable to agree. The rule laid down in Cyc. on this question is as follows:

"A judgment rendered on a demurrer is equally conclusive, by way of estoppel, of the facts confessed by the demurrer as would be a verdict and judgment on demurrer, based merely on formal or technical defects, and, raising only a question of pleading, is no bar to a second action for the same cause. And where the ground of the demurrer is the omission of a material allegation from plaintiff's pleading, a judgment sustaining the demurrer will not prevent the maintenance of a new suit on the same cause of action, in which the declaration or complaint supplies the missing averment. On the other hand, a judgment on a demurrer which goes to the merits, raising a question of substance and not merely one of form, and disposing of the whole cause of action, is a complete bar to a subsequent suit on the same claim or demand."

The case cited by counsel for plaintiff in error, to the effect that a final decision on a demurrer does not prevent the party from again maintaining an action, instead of supporting the contention of counsel for plaintiff, on the contrary, holds adversely to his contention. The case cited is Hunter et al. v. City of Roseburg et al., reported in 80 Or. 588, 156 Pac. 267, 157 Pac. 1065. That part of the opinion relative to the point under consideration is as follows:

"The case of Pearce v. Roseburg [77 Or. 195, 150 Pac. 855] was decided upon a demurrer to the complaint; therefore the only matters that were determined were those contained in that pleading. The contract in question was not executed until after the former suit was instituted, and was mentioned therein only in a general way. But the material provisions which are opposed in the present suit were not set forth in the former. Naturally, the details of that instrument could not be given when it was not in existence. The contract is set out in haec verba in the complaint in this case, and there are many facts detailed which were not contained in the former adjudication. Summarizing, this litigation may be distinguished from the former as follows: (1) The parties are not the same; (2) the issues are not the same; (3) the subject-matter of the suit, to wit, the contract of July 15, 1915, was not in existence at the time

the former suit was begun, nor when it was decided by the circuit court."

So it will be seen from the foregoing opinion that the contract that was brought in question was not in existence at the time of the ruling on the demurrer in the case of Pearce v. Roseburg.

The opinion in the case of Davis v. Janeway et al. is reported in 55 Okla. 75, 155 Pac. 241, L. R. A. 1916D, 722, and at the conclusion of said opinion you will find the following statement:

"We are of the opinion that the trial court erred in overruling defendant's demurrer, and should have sustained same, dismissed the petition, and denied further relief to either party. We, therefore, recommend that the judgment of the trial court be reversed, and that it be directed to sustain the demurrer and dismiss the petition.'

The judgment rendered on the foregoing opinion became the law of the case, and the defendant herein was forever estopped from maintaining any action on the contract herein sued upon.

We therefore recommend that said judgment be affirmed.

By the Court: It is so ordered.